[No. 4404.    Decided April 6, 1903.]

THE STATE OF WASHINGTON, *Respondent,* v. W. A. LEWIS, *Appellant.*

CRIMINAL LAW — INFORMATION — SUFFICIENCY.

In a prosecution by information, it is not necessary that the information should allege that the grand jury was not in session, or that defendant had been committed on said charge by a magistrate, although such facts must exist in order to authorize the filing of an information.

SAME — COMMENCEMENT OF TRIAL — INDORSEMENT OF WITNESSES ON INFORMATION.

A trial does not begin until the acceptance and swearing of the jury, and the names of witnesses may properly be indorsed upon an information at any time prior to the commencement of the trial.

SAME — BILL OF PARTICULARS.

In a prosecution for embezzlement the refusal of the court to require a bill of particulars to be furnished is not erroneous, where the information presents a clear statement of facts in setting forth the facts constituting the crime with which defendant is charged.

SAME — FORMER JEOPARDY — DISCHARGE OF JURY ON HOLIDAY.

A holiday not being *dies non juridicus* but having only such sanctity as is attached to it by statute, the action of the court in discharging a jury in a criminal case on a holiday because of its inability to agree would not be a void act, under our statutes,

so as to constitute former jeopardy entitling the defendant to a discharge.

**SAME — PLEADING — REPLY BY STATE UNNECESSARY.**

It is not necessary for the state to avoid by reply any defense set up in a criminal case, as the only pleadings provided by statute on the part of the state are the information or indictment.

Appeal from Superior Court, Spokane County.—HON. FRANK H. RUDKIN, Judge. Affirmed.

*T. C. Griffitts* and *W. S. Lewis,* for appellant.

*Horace Kimball,* Prosecuting Attorney, and *Miles Poindexter,* for the State.

The opinion of the court was delivered by

DUNBAR, J.—The first assignment of error goes to the sufficiency of the information, which is as follows:

"That said defendant W. A. Lewis, in the county of Spokane, and state of Washington, on the 27th day of June, 1900, being then and there the agent and attorney at law of one Nettie Brauer Platt, as administratrix of the estate of J. Henry Brauer, deceased, she, the said Nettie Brauer Platt, being then and there the duly appointed, qualified and acting administratrix of the said estate, was then and there by virtue of being such agent and attorney at law, by the said Nettie Brauer Platt, as such administratrix, entrusted with the sum of fourteen hundred and seventy-nine and 42-100 dollars, lawful money current of the United States, of the value of fourteen hundred seventy-nine and 42-100 dollars, the said money being then and there the property of the said Nettie Brauer Platt, as such administratrix, the said W. A. Lewis, by virtue of being entrusted with the said money as aforesaid, and as, by virtue and on account of being such agent and attorney of the said Nettie Brauer Platt, as such administratrix, as aforesaid, did then and there receive and take into his possession the money aforesaid, which he, the said

defendant, then and there held for, and in the name, and on account of, the said Nettie Brauer Platt, as such administratrix, and he, the said W. A. Lewis, did then and there as aforesaid wilfully, intentionally, wrongfully, unlawfully, fraudulently, and feloniously convert to his own use the said money, thereby committing the crime of larceny, contrary to the statute in such case made and provided and against the peace and dignity of the state of Washington."

This information complies so clearly and distinctly with the requirements of the statute that it precludes discussion as to the sufficiency of the facts stated. The verification also complies with the statute, and shows the condition precedent to the right to file the same. In addition to this, we held in *State v. Anderson*, 5 Wash. 350 (31 Pac. 969), and in subsequent cases, that, in the prosecution of a defendant by information, it was not necessary that the information should· allege that there was no grand jury in session, and that defendant had been committed on said charge by a magistrate; that, notwithstanding such facts must exist to authorize the prosecuting attorney to file the information, it was not necessary that the existence or nonexistence of such facts should be made to appear upon the face of the information.

Regarding the alleged error in allowing indorsement of names of witnesses after commencement of trial, it seems that the names were indorsed before the acceptance and swearing in of the jury. It was decided by this court in *State v. Lee Doon*, 7 Wash. 308 (34 Pac. 1103), that the trial did not commence until the jury had been accepted and sworn, and that it was not error for the prosecuting attorney to indorse the names of witnesses upon the information before that time. In addition to this, it has been the uniform holding of this court that such indorsement after the commencement of the trial is not reversible error,

but may be ground for a continuance. *State v. John Port Townsend,* 7 Wash. 462 (35 Pac. 367), and many subsequent cases.

What we have said in relation to the alleged error of the court in refusing to sustain the motion to set aside the information will apply to the second assignment of error, in relation to overruling the demurrer to the information.

There was no error in denying challenge to panel and to jurors. There is no sufficient showing made that the jury commissioners did not substantially comply with the law, even though timely objection had been made. From a consideration of the whole examination of juror Tucker, we are satisfied that he was a disinterested juror. The same may be said of the qualifications of the juror Olsen.

Neither do we think there was any merit in defendant's motions to require the state to elect and to furnish a bill of particulars. We are unable to discover any duplicity or ambiguity in the information. It presents a clear statement of facts, and notifies the defendant what crime he is charged with committing, and what he is called upon to defend against as plainly as any bill of particulars could.

The next assignment of error is more troublesome. The trial upon which this conviction was obtained was the second trial of the cause. The first trial proceeded to the submission of the cause to the jury on December 31, 1901. On the first day of January, 1902, the court discharged the jury from a further consideration of the cause, he being convinced, as stated in the order, that the jury could not agree on a verdict; and it is earnestly contended by the appellant that, the first day of January being a nonjudicial day, the action of the judge in discharging the jury was without authority of law and void; that by said action the court lost jurisdiction of the cause; and that,

appellant having been in jeopardy in the former trial, such trial is a bar to any subsequent prosecution, under the constitutional provision that no person shall be twice put in jeopardy for the same offense. It is insisted by the respondent that this point is not properly raised on this appeal, but, in consideration of the conclusion reached on the merits of the question, we will not pass upon the objection interposed to its consideration. Upon this subject there is a conflict of authority; most of the cases cited by the appellant, however, being cases where the judicial act challenged was done on Sunday. There is no distinction in our statute in this respect between Sunday and any other legal holiday, but the reason for sustaining objections to judicial acts on Sunday will not always apply to acts done on other holidays. For instance, one of the main cases on which appellant relies, viz., *Ex parte Tice,* 32 Ore. 179 (49 Pac. 1038), bases its decision largely on the assumed fact (over which there is a great diversity of judicial opinion) that at the common law Sunday was *dies non juridicus,* and that, the statutes of Oregon (which are similar to our statutes) not expressly conferring such right, the common law must obtain. The case is not pertinent here, for the reason that New Year's Day was not *dies non* at the common law. At the common law a holiday was not, as in the case of Sunday, *dies non juridicus,* and holidays have only the sanctity attached to them by statute. 20 Enc. Pl. & Pr., p. 1205. So that a great deal of the religious fervor and sentiment which characterized and probably prompted many of the early decisions in the Sunday cases would not be controlling or appropriate in a case of this kind. Some of the cases, however, have based their decisions squarely on the nature of the statute in relation to holidays. Among these is *Wearne v. Smith,*

32 Wis. 412. The case of *People v. Cage,* 48 Cal. 323 (17 Am. Rep. 436), cited by appellants, was based upon the fact that discretion of the court in discharging a jury unable to agree must be exercised upon some kind of evidence, that the judgment of the court on that point should be expressed in some form upon the record, and that it was not so expressed. That the court did not intend to decide that the jury could not be discharged if there was a necessity therefor and such necessity was shown by the record is conclusively shown by the fact that the same court, three months later, in *People v. Lightner,* 49 Cal. 226, held that the court had power to adjudicate the fact that a jury in a criminal case cannot agree, and could then continue the case until the next term. In *Thompson v. Church,* 13 Neb. 287 (13 N. W. 626), under a statute identical with ours, it was held that upon the return of a verdict it was the duty of a justice to render judgment at once. It is the universally accepted doctrine that under these restrictive statutes the court has a right to do any act that is necessitated by the right conferred, or that logically follows or is necessarily incidental thereto. Our statute expressly confers the right on the judge to instruct the jury on a holiday, when requested, and to receive the verdict when rendered. The supreme court of Illinois, in *Johnston v. People,* 31 Ill. 469, in discussing the term "necessity," said:

" . . . we are not to understand by the word 'necessity' a physical and absolute necessity, but a moral fitness or propriety of the work done under the circumstances of each particular case."

So here, there was not only a moral fitness and propriety in discharging the jury when it became evident that it could not agree, but such an act is incidental to the right

to receive the verdict. Without attempting to discuss the multitude of cases cited in the brief on this subject, we are of the opinion that the former trial was not a bar to this action.

In response to the contention that appellant's plea of former acquittal was good upon its face, and that the only way of avoiding it is by reply, it may be suggested that our criminal procedure is statutory, and that there is no provision for any pleading on the part of the state except the information or indictment. There seems to be no merit in this assignment in any particular.

An examination of the record convinces us that there was no error in the admission or rejection of testimony. It is urged that the court erred in not submitting, in the first paragraph of the instructions, the question of former jeopardy and acquittal to the jury. In addition to the fact that the proper instruction was afterwards substantially given, we have been unable to discover any testimony on that point which would warrant an instruction. The introduction of the record raises the legal question which we have discussed above.

We have carefully examined the other errors assigned by appellant. In some instances they are not justified by the record, and, where they are, we are convinced by an examination of the record that no error was committed by the court either in giving or refusing instructions, with reference to the actions of the prosecuting attorney, or in any other particular. The evidence was amply sufficient to sustain the judgment, and, in the absence of legal error, it is affirmed.

FULLERTON, C. J., and HADLEY, MOUNT and ANDERS, JJ., concur.