[No. 8119.   Department One.   July 14, 1909.]

THE STATE OF WASHINGTON, *Respondent*, v.
FRANK LE PITRE, *Appellant*.[1]

CRIMINAL LAW—TRIAL—WITNESSES — INDORSEMENT ON INFORMATION.   Under Bal. Code, § 6832, requiring the names of known witnesses to be indorsed upon the information, it is not reversible error to allow the prosecuting attorney to indorse the names of witnesses at the trial without showing that they were unknown to him before, where no continuance was asked by the accused.

CRIMINAL LAW—PUNISHMENT—HABITUAL CRIMINALS.   The habitual criminal statute simply provides an increased penalty for the last offense and does not violate any constitutional right of the accused.

CRIMINAL LAW—HABITUAL CRIMINALS—IDENTITY—EVIDENCE—SUFFICIENCY.   The habitual criminal statutes authorizing the jury to find that the accused is an habitual criminal from the record of prior convictions "or" other competent evidence, is not objectionable as authorizing the finding from such records alone without proof of identification.

SAME—EVIDENCE—HARMLESS ERROR.   One convicted of being an habitual criminal is not prejudiced by erroneous admission of identity as to crimes committed outside the state, where there was sufficient evidence of other convictions in this state.

SAME—EVIDENCE OF IDENTITY—PRIMA FACIE CASE.   Upon a conviction of being an habitual criminal, the record of previous convictions showing the same, is sufficient *prima facie* evidence of identity, when received without objection.

Appeal from a judgment of the superior court for Walla Walla county, Brents, J., entered December 15, 1908, upon a trial and conviction of a felony and of being an habitual criminal.   Affirmed.

[1]Reported in 103 Pac. 27.

*M. A. Stafford,* for appellant.

*Otto B. Rupp, Herbert C. Bryson,* and *Everett J. Smith,* for respondent.

CHADWICK, J.—Appellant was convicted of a felony in the superior court of Walla Walla county; whereupon a supplementary information was filed under the habitual criminal statute. Laws 1903, page 125. On December 11, 1908, the case was called for trial and a jury impaneled and sworn to try the case. At the trial the court allowed the prosecuting attorney, over the objection of appellant, to indorse the name of a witness upon the information. This witness testified as to the identity of the accused. Appellant was convicted, and now asks us to set aside the verdict.

It is first contended that the statute (Bal. Code, § 6832; P. C. § 2078), is imperative, and that the names of the witnesses known to the prosecuting attorney at the time of the filing of the information cannot be thereafter indorsed. It is admitted that the names of witnesses can be indorsed at any stage of the trial, but it is said this can only be done upon a proper showing that the witnesses were unknown prior to the time the application was made. A number of cases from other states are cited to sustain this contention; but, whatever the rule may be elsewhere, it is settled in this state that the indorsement of the names of witnesses upon an information is largely a matter of discretion with the court; and, in the absence of a showing of abuse or that some substantial injury has resulted to the accused, the order of the court will not be reversed. Counsel complains that the question has never been squarely decided by this court. In *State v. Holedger,* 15 Wash. 553, 46 Pac. 652, the court said:

"It has been frequently held by this court that such act on the part of the prosecuting attorney will only entitle the defense to a continuance. It not appearing from the record that a continuance was asked for in this cause, for the reason alleged, the objection will not be sustained."

In *State v. Bokien,* 14 Wash. 403, 44 Pac. 889, the following language appears:

"It will be observed that no express provision is made for the indorsement of the names of any witnesses after the trial has begun. Does it follow from this that the court may not permit the indorsement of the names of witnesses during the course of the trial, if necessary to the attainment of justice? We think it does not."

In that case the case of *State v. Cook,* 30 Kan. 82, 1 Pac. 32, was quoted, the court adopting its reasoning. It is unnecessary to reproduce the quotation here. Suffice it to say that it sustains the principle so often announced by this court, that such order of itself does not constitute reversible error. *State v. Kelly,* 14 Wash. 702, 45 Pac. 38; *State v. Lewis,* 31 Wash. 515, 72 Pac. 121; *State v. Sexton,* 37 Wash. 110, 79 Pac. 634; *State v. Van Waters,* 36 Wash. 358, 78 Pac. 897.

The habitual criminal statute is a thing of modern creation, and while there are many rules of law which may seem inconsistent with its purpose and the procedure adopted to compass it, it is nevertheless sound in principle and sustained by reason. Aside from the offender and his victim, there is always another party concerned in every crime committed— the state; and it does no violence to any constitutional guarantee for the state to rid itself of depravity when its efforts to reform have failed. The act is not *ex post facto.* It does not deny the right of trial by jury. It does not put the offender twice in jeopardy. It does not inflict a double punishment for the same offense, or inflict a cruel or unusual punishment, or impose a penalty for crimes committed outside of the state. It merely provides an increased punishment for the last offense. Wigmore, Evidence, § 196; Cooley, Const. Lim. (6th ed.), 327; *Re Miller,* 110 Mich. 676, 68 N. W. 990, 64 Am. St. 376; (34 L. R. A. 398, where all of the earlier cases are collected in an elaborate monographic note) and 6 Decennial Digest, col. 1200-1204 (where the later cases will be found).

The spirit of the law is in keeping with the acknowledged power of the legislature to provide a minimum and maximum term within which the trial court may exercise its discretion in fixing sentence, taking into consideration, as it should always, the character of the person as well as the probability of reformation; or the legislature may take away all discretion and fix a penalty absolute, as it does in many instances. When the statute under discussion is so considered, the seeming objections are void of force. It is said, however, that a proper construction of § 2 of the act, "and if such jury find, from the record thereof [meaning the record prior to conviction] or other competent evidence, . . . such jury shall make a return of such fact to the court," evidently means that the legislature intended to provide for a conviction of an habitual criminal upon the production of prior certified records of conviction and upon those records alone; and cases are cited to sustain the proposition that the word "or" in a criminal statute should not be interpreted to mean "and." Inasmuch as the record before us discloses three convictions within the state of Washington, which appear to be sufficient to bring the appellant under the ban of the law, we are at a loss to fully understand the position taken by him. For, if we admit that the testimony of the witness whose name had been indorsed on the information was wrongfully received upon the question of identity as to crimes committed without the state, there was still enough before the jury occurring in the courts of this state to warrant his conviction.

The only possible question that could arise would be as to the identity of the accused. The records of conviction showing the same name were received without objection. Under the general rule that identity of names is *prima facie* evidence of identity of persons, it was enough to make out a *prima facie* case. If it were otherwise, the testimony of the

witness whose name was properly indorsed and who was competent to testify proved the identity of the appellant.

The judgment is affirmed.

RUDKIN, C. J., GOSE, FULLERTON, and MORRIS, JJ., concur.