[No. 8340. Department Two. January 13, 1910.]

## THE STATE OF WASHINGTON, *Respondent*, v. FRANK CARPENTER, *Appellant*.[1]

CRIMINAL LAW—TRIAL—WITNESSES—INDORSEMENT. In the absence of any showing of prejudice, it is not reversible error to allow at the trial the indorsement of the name of a witness upon the information and permit him to testify.

CRIMINAL LAW — CONTINUANCE — INDORSEMENT OF WITNESS AT TRIAL. The defendant is not entitled to a continuance, as a matter of right, upon allowing the state to indorse the name of a witness on the information at the trial, where no showing is made of prejudice to defendant's rights.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered February 23, 1909, upon a trial and conviction of robbery. Affirmed.

*A. H. Gregg* and *P. R. Heily*, for appellant.

*Fred C. Pugh* and *Donald F. Kizer* (*A. J. Laughon*, of counsel), for respondent.

PARKER, J.—The appellant was charged with the crime of robbery, and upon a trial before the court and a jury, was found guilty. He moved for a new trial, which motion was denied, and exceptions noted, when judgment and sentence was pronounced against him accordingly. He thereupon appealed to this court, assigning as error the ruling of the trial court in allowing the name of a witness to be indorsed on the information, and in denying appellant's motion for a continuance.

[1]Reported in 106 Pac. 206.

When the case was called for trial, the prosecuting attorney asked that the name of a witness be indorsed on the information, which was by the court permitted over appellant's objection, and the witness was thereafter allowed to testify for the state, also over appellant's objection. Immediately upon the court's permitting the indorsement of the name of the witness upon the information, the attorney for appellant orally moved the court as follows: "We now move the court for a continuance until we can get evidence to meet that of Columbus Craker" (the witness), which motion the court denied. Exceptions were noted to these rulings, and the questions were again brought to the attention of the court upon the motion for new trial. No showing of facts of any nature was made to the court on behalf of appellant for a continuance upon the making of the motion, nor were any facts shown upon the motion for new trial showing any prejudice to appellant's rights by the indorsement of the name of the witness on the information and permitting him to testify for the state, the attorney for appellant relying solely upon the fact of the indorsement being made at the time the case was called for trial, and the further fact, appearing in the record, that the prosecuting attorney must have known of the witness on February 9, some six days before the trial, since a subpoena was then issued for the witness.

It is clear that the first assigned error, that is, the indorsement of the witness' name on the information and allowing him to thereafter testify for the state, was not reversible error, in the absence of any other showing than appears in this record. *State v. Le Pitre*, 54 Wash. 166, 103 Pac. 27.

Counsel's contention upon the other assigned error is that appellant was entitled to a continuance as a matter of right upon the mere fact that the witness' name was indorsed on the information when the case was called for trial. In support of this contention he cites: *State v. John Port Townsend*, 7 Wash. 462, 35 Pac. 367; *State v. Bokien*, 14 Wash.

403, 44 Pac. 889; *State v. Holedger*, 15 Wash. 443, 46 Pac. 652; *State v. Lewis*, 31 Wash. 515, 72 Pac. 121.

It is true there are expressions of the court in these cases indicating that the indorsement of the name of a witness on the information immediately preceding or during the trial with a view of using such witness for the state may entitle the accused to a continuance; but we do not think the rule is thereby established that such indorsement alone entitles the accused to a continuance as a matter of right, to the extent that the trial court would be without discretion in the granting of such continuance. There being no showing of facts, either at the time of the indorsement of the name of the witness on the information or upon the motion for new trial, indicating that the rights of appellant were prejudiced by the use of this witness by the state, we are unable to say that he was thereby prevented having a fair trial, or that the discretion of the trial court was abused. *State v. Quinn, ante* p. 295, 105 Pac. 818.

The judgment is affirmed.

RUDKIN, C. J., DUNBAR, CROW, and MOUNT, JJ., concur.