[No. 15914.   Department Two.   January 20, 1921.]

THE STATE OF WASHINGTON, *Respondent*, v. ZACH McCHESNEY, *Appellant*.[1]

LARCENY (28) — EVIDENCE—WEIGHT AND SUFFICIENCY—IDENTITY. In a prosecution for larceny, the identification of decomposed heads of young cattle raises a question for the jury, where the cattle were pets with peculiar shaped heads and horns with marks thereon familiar to two witnesses recognizing them.

CRIMINAL LAW (356)—NEW TRIAL—NEWLY DISCOVERED EVIDENCE —DILIGENCE. A new trial on account of newly discovered evidence should not be granted where the accused knew of the evidence before the trial and simply failed to find the witness and did not have any subpoena issued for him, since there was lack of diligence.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered November 29, 1919, upon a trial and conviction of grand larceny. Affirmed.

*Edward A. Davis,* for appellant.

*E. M. Gibbons* and *C. M. O'Brien,* for respondent.

MOUNT, J.—The appellant was convicted upon a charge of grand larceny. He has appealed from a judgment pronounced upon the verdict of the jury. Counsel for appellant insists that the court erred in not taking the case from the jury because the evidence is insufficient.

It appears that Mr. Schmidt, the prosecuting witness, was the owner of two two-year-old heifers which he had raised. These heifers were missed from their accustomed range in May of 1919. Mr. Schmidt, in searching for them two or three weeks later, found what he identified as the heads at a slaughter pen conducted by the appellant. Mr. Schmidt thereupon accused the appellant of slaughtering the cattle. At

[1]Reported in 195 Pac. 221.

the time the cattle disappeared, a black estray two-year-old heifer was with them.  Mr. Schmidt testified that this estray had been with his cattle during the winter previous and that he had cut some notches on one of the horns of the estray; that he found the heads of all three of these cattle at the same time and place and that all these young cattle were very gentle and that he was familiar with the heads and horns of all of them; that, when he found the heads, they had been mutilated by being partly skinned and by having the ears cut off; that one of them had a white spot on the forehead, which white spot had been cut off; that the other, a jersey, had a peculiar shaped head and horns. These heads were somewhat decomposed, but Mr. Schmidt and Mrs. Sweigel, his housekeeper, positively identified the heads, notwithstanding their decomposed and mutilated condition, as the heads from the missing cattle owned by Mr. Schmidt.  Mrs. Sweigel testified that she was very familiar with the cattle; that they were all pets; that she had seen them and petted them every day before they disappeared.

Appellant's counsel argues that it is unreasonable that these heads could be identified after they had been partly skinned and decomposed for two weeks or more.  It may be that identification was more difficult for that reason, but when persons are familiar with cattle, as Mr. Schmidt and Mrs. Sweigel were with these where the cattle were pets and had peculiar shaped heads and horns with marks thereon, it is not unreasonable that a perfect identification might be made as was done in this case.  At any rate, the question was clearly one for the jury.

Appellant also argues that the court erred in not granting the motion for a new trial on account of newly discovered evidence.  The appellant made an

affidavit to the effect that a witness by the name of Allen helped to kill the cattle from which the heads were taken, and that Mr. Allen would testify that these cattle were branded with the letters O. C., the brand of Mr. Galloway, from whom the appellant claimed he purchased the cattle. He further stated in his affidavit that he had endeavored but failed to find this witness prior to the trial, but had now found his sister who knew the whereabouts of Mr. Allen and that he would be able to procure the witness at a new trial. This was not newly discovered evidence. Appellant knew of the witness and knew what he would testify. He simply failed to find the witness. If appellant regarded the witness as material, he had an opportunity to get a subpoena for him, which apparently was not done. We think sufficient diligence was not used to get the witness.

We find no error in the record. The judgment must therefore be affirmed.

MITCHELL, MAIN, and TOLMAN, JJ., concur.