[No. 18760.   Department Two.   December 9, 1924.]

### THE STATE OF WASHINGTON, *Respondent*, v. ELMER CLAASSEN *et al., Appellants.*[1]

CRIMINAL LAW (62)—ARRAIGNMENT—WAIVER. On arraignment of the accused, the reading of the entire information may be waived, especially in view of our statute requiring a delivery of a copy on demand.

RECEIVING STOLEN GOODS (3)—EVIDENCE—SUFFICIENCY. An admission that defendants had purchased whole auto loads of electrical goods brought to their place of business in the nighttime, together with other evidence, is ample to sustain a conviction of receiving stolen goods.

CRIMINAL LAW (198)—TRIAL—INDORSEMENT OF NEW WITNESSES ON INFORMATION. Allowing the endorsement of new names on the information is discretionary, where the accused had five days' notice of the application, and made no showing as to the necessity of a continuance or of prejudice.

RECEIVING STOLEN GOODS (1)—KNOWLEDGE THAT SAME WAS STOLEN —INSTRUCTIONS. Upon a prosecution for receiving stolen goods, it is proper to instruct that defendant's knowledge of the theft need not be direct, and that it is sufficient if the circumstances were such as to make the defendant believe that they were stolen.

CRIMINAL LAW (162) — EVIDENCE — TESTIMONY OF ACCOMPLICE— CORROBORATION. A person accused of crime may be convicted upon the uncorroborated evidence of an accomplice, such fact going only to his credibility.

Appeal from a judgment of the superior court for Clark county, Simpson, J., entered November 3, 1924, upon a trial and conviction of receiving stolen property. Affirmed.

*Crass & Hardin,* for appellants.

*Joseph E. Hall* and *Dale McMullen,* for respondent.

HOLCOMB, J.—On September 26, 1923, appellants were informed against by the prosecuting attorney of Clark county, charging them with knowingly receiving

[1]Reported in 230 Pac. 825.

and buying stolen property, the description of which is very lengthy, alleged to have been stolen by one Avery from the Pacific States Electric Company, a corporation of Portland, Oregon, of the value of more than $25.

On the same date appellants were arrested, and on October 1, 1923, were brought into court to be arraigned. At that time, both appellants were personally present, the deputy prosecuting attorney represented the state and one of the attorneys for appellants represented them. The deputy prosecuting attorney, in a formal statement to the court, read such part of the information as preceded the detailed and lengthy description of the property stolen, and asked if appellants waived the reading of the description. Appellants' attorney answered "Yes;" and the court having signified his satisfaction, the remainder of the information was read, and appellants being asked whether they were ready to plead, and whether they were guilty or not guilty then and there pleaded "Not Guilty."

On November 2, 1923, the trial of the case was begun, and on November 3, 1923, the jury returned a verdict finding both appellants guilty as charged. Thereafter they were sentenced.

The first error claimed on appeal is in not granting appellants' motion for nonsuit at the close of the state's evidence.

This claim is based upon the grounds that the state had wholly failed to prove the allegations of the information; that there had been insufficient testimony introduced to cause appellants or either of them to go upon their defense; that the defendants, nor either of them, had not been arraigned as required by law, and the statutes of Washington; that the state had failed to prove that the property appellants are alleged to

have purchased was appropriated in such a manner as to constitute larceny; that the state had failed to prove that appellants had knowledge that the property purchased by them was stolen, or unlawfully appropriated; that the state failed to prove that appellants received the property with felonious intent to deprive and defraud the owners thereof; that, under the evidence as testified to, Avery had been shown to be an accomplice, if any crime had been committed, and that there was insufficient corroboration of the testimony of the accomplice.

Appellants first argue the third ground above stated, that there was no arraignment as required by law. It is claimed that the waiving of the reading of the description of the property in the information was unauthorized, and that the reading of the description of the property claimed to have been feloniously received and concealed was as much a part of the arraignment as the reading of any other portion of the information.

The case relied upon by appellants upon this point is *Elick v. Territory,* 1 Wash. Terr. 137. In that case the court said:

"An arraignment consists of three parts: (1) Calling the prisoner to the bar by his name, and requesting him to hold up his hand, or do some other act of identification. (2) Reading the indictment to him in such language as to convey to his mind the nature of the charge against him. (3) Demanding of him whether he is guilty or not guilty."

The record shows that the appellants were present in person as well as with their attorney, and their attorney, in the presence of appellants waived the reading of the whole of the information. We have long ago abandoned the strict technical rule that obtains in some jurisdictions, that a trial in a criminal prosecution could not proceed unless the record showed an arraign-

ment. In *State v. Straub,* 16 Wash. 111, 47 Pac. 227, it was held that, where the defendant, without objection, enters upon the trial of a criminal case in which he has failed to enter a plea, and the case is tried on the merits by the prosecution and defense as if a plea of not guilty has been interposed, such error is without prejudice, being a mere irregularity not affecting any substantial rights of the defendant. This case was followed in *State v. Garland,* 65 Wash. 666, 118 Pac. 907. That case went to the Supreme Court of the United States, and is reported as "*Garland v. Washington,* 232 U. S. 642, 34 Sup. Ct., 456." In that case the supreme court of the United States, among other things, said:

"Technical objections of this character were undoubtedly given much more weight formerly than they are now."

The case of *Crain v. United States,* 162 U. S. 625, was referred to and discussed in which the court had previously held that the record of such a plea before trial, was essential to a legal trial. That case was expressly overruled, and the judgment of this court was affirmed.

See also notes to *State v. Klasner,* 19 N. M. 474, 145 Pac. 679, Ann. Cas. 1917D, 824, on page 829.

Moreover, it is the common practice in this state to waive the reading of the entire information, after the identification of the defendant charged, since the statute requires delivery of a copy of the information on demand, which is usually furnished without such demand. There is, therefore, no merit in this contention.

As to the sufficiency of the evidence to put appellants upon their defense, an examination of the record, without going into detail, convinces us that there was ample evidence to take the case to the jury. Among other things, one of appellants, who are partners doing a

retail business of selling electrical goods in Vancouver, Washington, admitted to the sheriff that he had pur- chased whole auto loads of these goods from Avery, who brought them there in the nighttime. The goods were of the value of several hundred dollars. There is no merit in the contention that the state failed to prove the allegations of the complaint.

The next error that is argued by appellants is on the permission by the trial court to the prosecuting at- torney to endorse the names of several witnesses for the state to testify at the trial, their names not having been endorsed on the information before. The tran- script shows that on October 27, 1923, the prosecuting attorney served upon, and the attorneys for appellants acknowledged service of, a motion to endorse the names of the witnesses referred to, and a notice ac- companied the motion to the effect that the motion would be called up in the trial court at 9 o'clock a.m., on November 2, 1923, for permission to endorse the names of the witnesses. At the trial, the appellants ob- jected to the endorsement of the names of the witnesses, and moved for a continuance of the trial. No affidavit or showing was made by appellants as to the necessity for continuance. The trial court thereupon denied the continuance, and permitted the endorsement of the names of the witnesses.

Upon this point, appellants rely upon the case of *State v. McCaskey,* 97 Wash. 401, 166 Pac. 1163, where, as the decision shows, there had been a studied attempt to keep the information as to the witnesses from the de- fendant. In this case, there was no such studied at- tempt. Appellants had five days notice of the applica- tion, and there is no showing whatever of prejudice resulting to appellants.

"It is settled in this state that the endorsement of the names of witnesses upon an information is largely

a matter of discretion with the court; and in the absence of a showing of abuse or that some substantial injury has resulted to the accused, the order of the court will not be reversed." *State v. Le Pitre,* 54 Wash. 166, 103 Pac. 27.

See also: *State v. Carpenter,* 56 Wash. 670, 106 Pac. 206. There is, therefore, no merit in this claim.

The next contention argued is that the court erred in giving an instruction as follows:

"Simply to buy and sell stolen property is not a crime, and in order to make it a crime the state must prove beyond a reasonable doubt that the purchaser knew at the time of the purchase that it was stolen property. So you are instructed that one of the essential ingredients of this crime is knowledge on the part of the buyer or receiver, that the goods have been stolen, and this knowledge must exist at the time of the purchase or receipt of the goods. This, however, need not be such direct knowledge as comes from witnessing the theft. It is sufficient that the circumstances were such accompanying the transaction as to make the defendants believe the goods had been stolen."

Almost exactly the same instruction was approved in *State v. Druxinman,* 34 Wash. 257, 75 Pac. 814, hence this instruction was proper.

It is next contended that the only evidence in the case directly connecting appellants with the crime charged, was that of Avery, the witness for the state who had confessed to stealing the property in the state of Oregon, and selling it to appellants in the state of Washington.

Under the evidence here, of course, Avery was an accomplice of the appellants, if they were chargeable at all. The trial court gave the correct instruction, to which no exception was taken, as to the polluted origin of the evidence of an accomplice, and that the jury should not convict upon the uncorroborated testimony

of such accomplice, unless they were satisfied beyond a reasonable doubt, after a careful examination of his testimony, and of all the other evidence in the case, of the guilt of appellants. This was a correct instruction, probably given at the request of appellants, and it is the law in this state that a person accused of crime may be convicted upon the uncorroborated testimony of an accomplice, since that fact that he is an accomplice goes only to his credibility. *State v. Ray,* 62 Wash. 582, 114 Pac. 439; *State v. Stapp,* 65 Wash. 438, 118 Pac. 337; *State v. Mallahan,* 66 Wash. 21, 118 Pac. 42; *State v. Wappenstein,* 67 Wash. 502, 121 Pac. 989; *State v. Engstrom,* 86 Wash. 499, 150 Pac. 1173.

Some contention is made that the court erred in admitting the exhibits on the ground that they had not been sufficiently identified. There was evidence tending to identify all the articles offered as exhibits, and its weight and sufficiency were for the jury to determine.

Upon these considerations, we are convinced that there was no reversible error, that the trial court properly exercised its discretion in not granting a new trial to appellants, and that the judgment on the verdict of the jury should be affirmed.

Affirmed.

MAIN, C. J., FULLERTON, MACKINTOSH, and MITCHELL, JJ., concur.