[No. 19144.   Department One.   July 9, 1925.]

THE STATE OF WASHINGTON, *Respondent,* v. TIMOTHY EMMETT SWEENEY, *Appellant.*[1]

CRIMINAL LAW (197)—TRIAL—INDORSEMENT OF WITNESSES ON INFORMATION. It is not error to allow new names to be indorsed on the information on the day of the trial, on only two days' notice, where no motion was made for a continuance and no prejudice is shown.

RAPE (27)—EVIDENCE—SUFFICIENCY. A conviction of the rape of a child nine years of age, is sustained by evidence of the child to the fact, and of defendant's identity by her and other witnesses who saw him with her, and of complaints made immediately after, and by an examination showing that the crime had been committed.

CRIMINAL LAW (356)—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DILIGENCE. It is proper to deny a new trial for the purpose of producing two witnesses to establish an alibi, where subpoenas had been issued for them prior to the trial, and no continuance was asked when it became known that the subpoenas had not been served or the witnesses found.

[1]Reported in 237 Pac. 507.

Appeal from a judgment of the superior court for Cowlitz county Simpson, J., entered March 5, 1924, upon a trial and conviction of rape. Affirmed.

*Crass & Hardin,* for appellant.

*Hite Imus* and *A. H. Imus,* for respondent.

Askren, J.—Appellant, feeling aggrieved at his conviction and sentence upon a charge of carnally knowing a female child of the age of nine years, presents three grounds for reversal.

The first ground presented is that the court permitted the names of two deputy sheriffs to be indorsed upon the information the day of the trial, while appellant's counsel had not been advised that motion would be made therefor until two days prior to that date. Appellant's counsel lived at Vancouver and the trial took place at Kelso, some forty-five miles distant. No motion for continuance was made upon this ground when the order was made, nor was any made after their testimony was given. These men were public officers easy of access, and under our oft-repeated decisions, no motion for continuance having been made, and there being nothing in the record to show prejudice to the defendant, the court's ruling was right. *State v. Harding,* 108 Wash. 606, 185 Pac. 579; *State v. Claassen,* 131 Wash. 598, 230 Pac. 825.

It is next contended that there was insufficient evidence at the close of the state's case to justify the court in submitting the case to the jury. Without detailing the evidence, it is sufficient to say that the child alleged to have been the victim of the appellant testified to the acts and identified him. Other witnesses testified to seeing the appellant either with the little girl or by himself in the vicinity of the crime at about the time in question. Complaint was made by the victim to her mother immediately upon her return home, and in-

vestigation by the mother and the doctor indicated that a crime had been committed upon her person. A survey of the place where the crime was alleged to have been committed showed shoe prints of the victim and also of the appellant, and when he was arrested and taken to the home of the victim he was there identified by her. The evidence was, therefore, sufficient to make the case one for the determination of the jury, and there was no error in submitting it to them.

The third ground urged by appellant is that the court erred in refusing a new trial. Prior to the trial, appellant, who desired to establish an alibi, caused subpoenas to be issued for two witnesses. The sheriff was unable to find one and the other, he was informed, had left Yakima and was on his way to Kelso. Appellant desired to use both of these witnesses in proof of his alibi, but neither was present at the trial. He offered affidavits showing that, if he were given a new trial, they would be present to testify for him; but his affidavits specifically show that, at the time the case came on for trial, he knew that these witnesses were important witnesses, that subpoenas had not been served upon them, and it therefore became his duty to request a continuance if he desired their presence. Having requested no continuance and proceeded to trial without their testimony, he cannot now urge this as error. Cases will not be tried piecemeal. *State v. McChesney,* 114 Wash. 208, 195 Pac. 221.

There is no error in the record, and the judgment of the trial court is in all things affirmed.

Tolman, C. J., Parker, Bridges, and Mitchell, JJ., concur.