[No. 20794. Department One. November 28, 1927.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES ROSE, *Appellant.*[1]

[1] CRIMINAL LAW (188)—TIME FOR TRIAL—DISCHARGE FOR DELAY. Where a case was continued by stipulation, it will not be dismissed for failure to bring the accused to trial within sixty days, after he was charged and arrested.

[2] SAME (197)—TRIAL—FURNISHING LIST OF WITNESSES. The endorsement of the list of witnesses on the information, given to accused before the trial, is a sufficient compliance with Rem. 1927, Sup., § 2050, requiring the state to furnish him a list of the state's witnesses; and he is not prejudiced by delay in so doing, where he was granted and refused a continuance.

[3] SAME (361)—MOTIONS FOR NEW TRIAL—APPLICATION—STATEMENT OF GROUNDS—ADMISSION OF GUILT. A new trial is properly denied where it appears from the accused's application therefor that he is guilty of the crime for which he was convicted.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered December 27, 1926, upon a trial and conviction of manufacturing intoxicating liquor. Affirmed.

*Q. A. Kaune,* for appellant.

*C. T. Roscoe* and *Charles R. Denney,* for respondent.

[1] Reported in 261 Pac. 391.

FRENCH, J.—James Rose was convicted of the crime of manufacturing intoxicating liquor with intent to sell, and prosecutes this appeal  At the trial in the lower court, he was represented by counsel other than the one now prosecuting this appeal.

[1]  There are numerous assignments of error, only three of which are discussed in the briefs, the first of which is that the court erred in refusing to dismiss the action because appellant was not brought to trial within sixty days after he was charged and arrested. The record clearly shows that the cause was continued over the sixty-day period by stipulation of counsel, and a motion to dismiss was by the lower court denied on that ground.   There is, therefore, no merit in this contention.

[2]  The next error complained of is the failure of the state to furnish a list of the state's witnesses as provided by Laws of 1925, p. 420 (Ex. Sess.), § 2; Rem. 1927 Sup., § 2050.  The appellant was arraigned just previous to trial and given a copy of the information having endorsed thereon the names of all of the state's witnesses.  Because of the failure to promptly arraign appellant and furnish the list of witnesses, the lower court offered appellant a continuance, which was by him refused.  We hold that his rights were not thereby prejudiced, and that the endorsement of the names of the state's witnesses on the information as furnished was a sufficient compliance with the statute.

[3]  At the time present counsel became substituted as counsel for appellant, a motion for a new trial had already been denied, and application was made to the court for a rehearing upon the motion for a new trial, and certain affidavits were filed.  In passing upon this application, the lower court said:

"There is now presented a motion by the defendant Rose for the substitution of Q. A. Kaune as his at-

torney in lieu of C. A. Turner, who represented Mr. Rose at the trial and at the presentation of the motion for a new trial. There is also presented a motion for a new trial. There is also presented a motion for an order granting defendant Rose leave to present anew his motion for a new trial and to present as grounds for new trial certain matters not heretofore urged in this case. All the affidavits filed in support of these various motions have been read by me here this afternoon.

"Now, it is my opinion that when this defendant interposes motions and asks at the hands of this court the relief which he has asked, that this court has a right to examine into these affidavits to ascertain what, if any, merit such contain as bearing upon any right of the defendant to a new trial. In other words, there is no reason why this court should grant the defendant leave to renew a motion for a new trial, or leave to present additional grounds for new trial, unless this court can see that what is urged possesses merit; otherwise it would simply be granting leave to renew a motion for a new trial when it appeared upon the face of things, or rather it did not appear upon the face of things, that if further motions for a new trial were interposed, or further grounds for a new trial were urged, that the action of the court would be any different than it has been. The same rule is applicable here which applies to the matter of the vacation of default judgments. Unless a party seeking that, can show in the first instance that, if the default be vacated there is some reason to believe that relief will be had, the court will not vacate it. Courts first look to a determination of whether there is any meritorious matter to be presented should it undo its previous action. . . .

"Now, by his own affidavits Jim Rose knew that there was a still at the Kron place; by his own affidavits he knew it was to be used for the manufacture of intoxicating liquor; by his own affidavit he hauled corn and sugar there. Now, it doesn't matter that he hauled this corn and sugar for a daily wage. He engaged in the manufacture of intoxicating liquor within

the meaning of law and all good sense. It doesn't make any difference that he engaged in it not as an owner but as an employee of somebody else. It doesn't make any difference that he did it for what some may deem it, the lowly wage of $5 a day instead of profiting at the rate of $5 a pint. No man can evade responsibility for engaging in the manufacture of intoxicating liquor by saying that he did it for wages.''

A careful examination of the affidavits presented on behalf of appellant conclusively shows that he is guilty of the crime charged. An examination of the statement of facts conclusively establishes that the jury were warranted in finding him guilty, if they believed the testimony offered. Appellant is not entitled to a new trial merely so that he may admit he is guilty when the jury has already convicted him without that admission.

Judgment affirmed.

MACKINTOSH, C. J., PARKER, MITCHELL, and TOLMAN, JJ., concur.