[No. 22478. *En Banc.* January 5, 1931.]

THE STATE OF WASHINGTON, *Respondent*, v. SAM LEOSIS, *Appellant.*[1]

*Edward M. Connelly,* for appellant.

*Chas. W. Greenough* and *Carl P. Lang,* for respondent.

BEELER, J.—On July 5, 1929, the prosecuting attorney of Spokane county charged the appellant, in an

[1]Reported in 294 Pac. 1115.

information containing three counts, with the violation of the criminal laws of the state of Washington, and on August 22, 1929, he filed with the clerk of the superior court of that county a list of the state's witnesses. Thereafter, on the same day, and with the knowledge of appellant's counsel, Mr. Edward M. Connelly, the court entered an order setting the case for trial on September 12, 1929, on which date the case was called for trial, a jury was impaneled and sworn to try the case, the opening statement was made by the prosecuting attorney, and the first witness for the state was called and sworn to testify. At this stage of the proceedings, Mr. Connelly objected to the introduction of any testimony, for the reason that the state had failed to serve a list of its witnesses on him or on his client, or on any person in his office as required by statute. Thereupon argument followed between counsel, in the midst of which the court excluded the jury and ordered the taking of oral testimony which established the following facts:

That the defendant's counsel, Edward M. Connelly, and Mr. John King, and Mr. M. S. Hanauer occupy a suite of law offices in the Old National Bank Building in the city of Spokane; that the three attorneys are not partners, but conduct their law practice separately and independently of each other; that they maintain a common reception room from which each has access to his private consultation room; that they employ, in common, a stenographer and a telephone; that no one of the three attorneys was authorized to accept service of legal papers for the others, although, as a matter of accommodation this had been done on a few previous occasions; that a deputy sheriff of Spokane county went to this suite of law offices on the afternoon of August 23, 1929, at the hour of 1:35 p. m., at which time neither the stenographer nor Mr. Connelly was

present, the only person there at that time being Mr. Hanauer, and he was in his private consultation room, at which time a true copy of the list of the state's witnesses was served on him, as shown by the return of service made by the deputy sheriff; that this list of witnesses thus served on Mr. Hanauer was never brought to the attention of the defendant nor his counsel, the same having been either lost or mislaid.

At the conclusion of the taking of this testimony, the trial court held that there had been no proper service of the list of witnesses made upon the defendant or upon his attorney. Passing on the matter, the trial court said:

"I am inclined to think that so far as section 2050 is concerned, that service upon the attorney of record is service upon the defendant, but section 245, I think, prescribes the manner upon which service shall be made upon an attorney of notices, and I think this would probably come under the head of a notice, a list of witnesses, notifying the defendant, and his attorney, of the witnesses. It is a process of some kind. Frankly under this record, Mr. Lang, while the matter is somewhat technical, I do not believe I want to take any chance, and I will sustain the objection. You may file your list of witnesses again, and make application now."

Thereupon the prosecuting attorney made the following application:

"Then at this time I will ask leave of court, to use, as witnesses in this case on behalf of the state the witnesses contained in the list on file in the office of the clerk of the court, which includes Roy Fordyce, J. E. Adams, O. G. Haukendahl, G. G. Miles, and Q. Johnson, a copy of which list of witnesses has heretofore by the sheriff been served on M. S. Hanauer, an attorney officing with E. M. Connelly, the attorney of record, at Mr. Hanauer's office which joins that of Mr. Connelly, and in which they have a common reception

room and a common stenographer and a common telephone.''

Thereupon counsel for appellant made an objection, on which the court ruled by saying:

''I will permit the prosecutor to file this list of witnesses, and counsel for the defendants has notice in open court of this. If counsel claims surprise or claims that he will be prejudiced in any manner, I will grant a continuance.''

Counsel for appellant then stated:

''I am not asking for a continuance. The defendants have come here and presented themselves for trial and are ready for trial, but not with any of the witnesses whose names appear on any list which has not been served on them or their counsel.''

Thereupon the jury was called back in the box, and the case proceeded to trial. At the conclusion of the state's testimony, defendant's counsel challenged the legal sufficiency of the evidence to sustain the charge contained in the information, which was by the court overruled, and appellant was thereafter acquitted on count 1, and convicted on counts 2 and 3 of the information. From the judgment and sentence imposed, appellant prosecutes this appeal, and relies on three assignments of error for reversal: First, in permitting the prosecuting attorney to re-file the identical list of witnesses a copy of which had been served on Mr. Hanauer on August 23, under the circumstances heretofore detailed, and to use these witnesses at the trial of the case; second, in overruling the challenge to the legal sufficiency of the evidence at the conclusion of the state's case; and third, in refusing to grant a new trial. The questions presented by these assignments of error are discussed jointly in appellant's brief, and we shall consider them jointly here.

■ Appellant contends that it was the duty of the trial court to discharge the jury when it became apparent that no list of witnesses had been served on him or his counsel as required by Rem. 1927 Sup., § 2050, which provides:

"All informations shall be filed in the court having jurisdiction of the offense specified therein by the prosecuting attorney of the proper county as informant; he shall subscribe his name thereto, and at the time the case is set for trial the prosecuting attorney shall file with the clerk a list of the witnesses which he intends to use at the trial and serve a copy of the same upon the defendant. . . ."

Appellant urges that the above mentioned section of the statute is not directory, but mandatory, and therefore the court was prohibited from exercising its discretion in the matter of permitting the prosecuting attorney to re-file the list of witnesses. This question has been presented to this court in the following cases: *State v. Lee Doon,* 7 Wash. 308, 34 Pac. 1103; *State v. Bokien,* 14 Wash. 403, 44 Pac. 889; *State v. Holedger,* 15 Wash. 443, 46 Pac. 652; *State v. Lewis,* 31 Wash. 515, 72 Pac. 121; *State v. Carpenter,* 56 Wash. 670, 106 Pac. 206; *State v. McCaskey,* 97 Wash. 401, 106 Pac. 1163; *State v. Sickles,* 144 Wash. 236, 257 Pac. 385; *State v. Rose,* 145 Wash. 634, 261 Pac. 391.

These cases hold that it is within the sound discretion of the trial court to permit either the state or a defendant in the trial of a criminal case to call witnesses, although their names had not been theretofore indorsed on the information or served upon the opposing party, as required by § 2050, *supra.* The case of *State v. Sickles, supra,* squarely holds that a defendant has the right to call witnesses in his defense where names had not been previously served on the prosecuting attorney, and that the statute is directory merely, and not mandatory. We there said:

"To construe the statute as mandatory instead of directory preventing the exercise of any discretion on the part of the trial court in such cases, would certainly render the statute unconstitutional."

The case of *State v. Rose, supra,* is controlling. We there held that a *complete* list of witnesses might be furnished a defendant after the case was called for trial.

"The next error complained of is the failure of the state to furnish a list of the state's witnesses as provided by Laws of 1925, p. 420 (Ex. Sess.), § 2; Rem. 1927 Sup., § 2050. The appellant was arraigned just previous to trial and given a copy of the information having endorsed thereon the names of all of the state's witnesses. Because of the failure to promptly arraign appellant and furnish the list of witnesses, the lower court offered appellant a continuance, which was by him refused. We hold that his rights were not thereby prejudiced, and that the endorsement of the names of the state's witnesses on the information as furnished was a sufficient compliance with the statute."

In the *Rose* case, *supra,* the court offered the defendant a continuance, which was refused. This is precisely what occurred in the case under consideration, and appellant having refused the proffered continuance, he cannot now be heard to complain. While it is true that in the *Rose* case, *supra,* the continuance was offered before the jury was drawn and sworn, and before the trial had actually commenced, whereas in the case under consideration the jury had been selected and sworn to try the case prior to the time the court offered appellant a continuance, yet, in legal effect, the result is the same.

The purpose and object of the statute requiring the state to furnish to the defendant a list of its witnesses, and in requiring a defendant to furnish the state with a list of his witnesses, is to enable the parties to in-

quire into the habits, character and standing of the witnesses to be offered by the respective parties at the time of trial. Another reason is to permit the jury to be questioned on their *voir dire* examination concerning their knowledge of, and acquaintance with, the various witnesses who are to testify.

It is apparent from the record that appellant knew, or should have known, at the time the case was called for trial on September 12, and before the jury was drawn and sworn to try the case, that he had not been served with, nor received, a list of the witnesses for the state, and it was his privilege and right at that time to have called that fact to the attention of the trial judge, who unquestionably would have granted a continuance. Remaining silent, appellant impliedly waived the purposes, objects and benefits accorded to him by the statute, and having done so, he cannot now be heard to complain.

We find no error in the record, and the judgment is affirmed.

All concur.