[No. 31374. Department Two. October 26, 1950.]

THE STATE OF WASHINGTON, *Respondent*, v. JESSE RICHARD WILLIS, *Appellant*.[1]

_____

[1]Reported in 223 P. (2d) 453.

*Orvin H. Messegee,* for appellant.
*Charles O. Carroll* and *T. P. Ulvestad,* for respondent.

GRADY, J.—The appellant was found guilty by a jury of burglary in the second degree and appeals from the judgment entered.

The assignments of error bring before us for review rulings of the court, (a) that the evidence was sufficient to sustain the verdict, (b) denying a request for a continuance of the trial upon permitting a witness whose name had not been endorsed on the information to testify, (c) admitting into evidence certain particles of glass, the sufficiency of their identity and testimony relative thereto, and (d) placing a limitation upon the time for argument to the jury.

(a) In view of our conclusion to reverse the judgment and remand the case for a new trial, we deem it inappropriate to refer to the evidence, except in so far as may be necessary in deciding the questions raised by two of the assignments of error. It is sufficient to say that we have read the statement of facts, having in mind the questions propounded to us by counsel in his brief, and, though the evidence was, to a great extent, circumstantial, it is our opinion that it was sufficient upon which to base a verdict of guilty and met the test prescribed by the court in its instructions:

"The facts and circumstances relied upon should be consistent with each other, and with the guilt of the defendant. They should be inconsistent with any reasonable theory of innocence. They should be of such character as to exclude every reasonable hypothesis other than guilt."

and cases we have decided such as *State v. Kirkby*, 20 Wn. (2d) 455, 147 P. (2d) 947; *State v. Cranmer*, 30 Wn. (2d) 576, 192 P. (2d) 331; *State v. Gillingham*, 33 Wn. (2d) 847, 207 P. (2d) 737. In two of these cases, we made reference to *State v. Pienick*, 46 Wash. 522, 90 Pac. 645, 11 L. R. A. (N.S.) 987, upon which appellant relies. We recognized the doctrine of that case and others of like import, but considered them to be inapplicable to the facts of the cases then being considered.

An examination of the cases indicates that the recognized rule is that, whenever an appellate court is confronted with the question whether a chain of circumstances is suffi-

cient to sustain a conviction of a criminal offense, it must look into the record and determine whether the evidence is legally sufficient to take the case to the jury. If the court so determines, then the question whether such chain of circumstances excludes to a moral certainty every other reasonable hypothesis than that of guilt is for the jury; but if the court concludes that the evidence is not legally sufficient to sustain a conviction, then it must hold, as a matter of law, that there is no question for the jury to determine.

(b) The entry to the store building burglarized had been made by the breaking of glass. When appellant was apprehended, particles of glass were found on the floor and on one running board of the automobile he was driving, and particles were imbedded in the soles of his shoes. Samples of this glass and one or more pieces of the glass found on the storeroom floor at the place of entry were sent by mail to the Federal Bureau of Investigation at Washington, D. C. The glass was examined, compared, and put to certain tests by experts in that field of study. The respondent concluded to call as a witness one of the experts who had made the examination, but did not seek an order of the court permitting the addition of his name to the list of witnesses furnished appellant. The appellant received no authentic information that an expert on glass was to be called as a witness until just before respondent closed its case, when application was made that Roy Harold Jevons, who had arrived from Washington, D. C., the day before, be permitted to testify. It appeared that the respondent had been aware of the report made by the Federal Bureau of Investigation of the examination of the samples of glass for three weeks, but did not know which expert would be sent to testify if request was made for such assistance. Appellant objected to the witness being allowed to testify, and a recess was taken to give counsel time in which to prepare to present the question involved. Counsel for appellant claimed surprise and urged that to permit the witness to testify would be prejudicial. He requested a continuance of the trial for one week if the court overruled his objection in order that he might prepare

to cross-examine the expert and secure any available rebuttal testimony. The court overruled the objection and denied the motion for a continuance of the trial, being of the opinion that the issue tendered had obviously been in the case from its inception and that expert testimony was available to appellant as it was to respondent.

Our statute on the subject, Rem. Rev. Stat., § 2050 [P.P.C. § 131-2], provides that, when a criminal case is set for trial, the prosecuting attorney shall file with the clerk of the court a list of the witnesses he intends to use at the trial and serve a copy of the same upon the defendant, and may add such additional names from time to time before trial as the court may by order permit. The statute may be complied with by endorsing the names of the witnesses on the information. *State v. Sickles*, 144 Wash. 236, 257 Pac. 385; *State v. Rose*, 145 Wash. 634, 261 Pac. 391; *State v. Martin*, 165 Wash. 180, 4 P. (2d) 880. This was the requirement of the statute in force prior to 1925. We have decided that the court has the power to permit the state to endorse the names of witnesses on the information during the progress of the trial, or permit them to testify without such endorsement. *State v. Bokien*, 14 Wash. 403, 44 Pac. 889; *State v. Leosis*, 160 Wash. 176, 294 Pac. 1115; *State v. Hogan*, 29 Wn. (2d) 407, 187 P. (2d) 612. Many other cases have been decided to the same effect and may be found in 4 Wash. Digest, Criminal Law, §§ 628, 629.

The requirement of the statute is designed to protect against surprise. *State v. Cooper*, 26 Wn. (2d) 405, 174 P. (2d) 545. If a defendant desires to avail himself of the statute when it is not complied with, or the state seeks to call a witness whose name had not been theretofore endorsed on the information or given to him, he must in fact be surprised, and make timely claim thereof, and must request a continuance of the trial for a reasonable time in order that his counsel may prepare to cross-examine the witness and he may secure rebuttal testimony if it is available, and also make it appear that he will be prejudiced if such opportunity be not afforded him. *State v. Townsend*,

7 Wash. 462, 35 Pac. 367; *State v. Carpenter*, 56 Wash. 670, 106 Pac. 206; *State v. Pepoon*, 62 Wash. 635, 114 Pac. 449; *State v. Miller*, 80 Wash. 75, 141 Pac. 293; *State v. Sweeney*, 135 Wash. 276, 237 Pac. 507; *State v. Leosis*, 160 Wash. 176, 294 Pac. 1115; *State v. Shay*, 186 Wash. 154, 57 P. (2d) 401.

■ Counsel for appellant fully met all of the foregoing requirements, and it was error not to grant appellant a continuance of his trial for a reasonable time. Our cases indicate that we have been very liberal in sustaining the action of trial courts in permitting the state to use witnesses whose names have not been furnished to a defendant, and rightly so, because it is not always possible for the state to become aware of all necessary or available witnesses by the time the case is set for trial, and if the rule were strictly applied much injustice might result; but in the application of the rule due protection must be afforded a defendant if he objects to such action, is in fact surprised, asks for a continuance of the trial, and makes a showing of prejudice. The appellant was prejudiced not only in that the calling of the witness was a surprise, but such witness was an expert testifying upon a highly technical subject and one that was a vital issue in the case. The fact that he was on the expert staff of the Federal Bureau of Investigation no doubt added to the weight given his testimony and appellant was not afforded an opportunity to meet the evidence submitted.

(c) Shortly after the commission of the burglary, officers gathered pieces of the broken glass, also particles of the glass found on the floor and running board of the car being driven by appellant when he was apprehended, and took possession of the shoes he was wearing, in the soles of which particles of glass were imbedded. This evidence was placed in charge of an officer at the police station and later sent by mail to the Federal Bureau of Investigation at Washington, D. C. On arrival there the package was opened, its contents examined, and certain tests made with the view of determining whether it had all been part of the pieces of glass broken during entry into the store building. After the ex-

amination and tests were made, the pieces and particles of glass were returned to the police department in Seattle and kept in its custody until produced at the trial. The complaint of appellant is that continued identity of the glass was not preserved. If we were to accept the argument of appellant it would be necessary for us to hold that the glass could only have been sent to Washington and returned in the possession of a courier.

The identity of the glass was clearly established from the time possession of it was taken by the officers and while it was in Washington, D. C., but in the very nature of things its passage through the mail could not be traced by means of any of the many persons who must have handled it. It was placed in a properly sealed package when it was sent to Washington, D. C. It arrived there in that condition and was similarly returned. We must indulge in the presumption that it was not tampered with or its identity in any way affected while passing through the mails. It was proper to admit the exhibits in evidence.

(d) After the jury had been instructed, counsel were informed that the presiding judge had requested court be adjourned at three o'clock. This allowed one hour for argument. Counsel for appellant expressed surprise at being allowed but one-half hour for argument, but made no further objection or protest. Argument was made within the time limited. Upon the argument of the motion for a new trial, it appeared that counsel understood that no limitation would be placed upon the time for argument. We infer from the record that this had been the intention of the court, and that the limitation came about because of the action of the presiding judge. In requesting the trial judge to recess court at three o'clock it left only one hour for argument by both parties. We find it unnecessary to discuss this subject as the question is not likely to arise again upon the next trial. The trial court has a wide discretion in determining the time for argument, depending upon the length of the trial, the number of witnesses called, the nature and character of the evidence submitted, and many other factors, but we are

impressed with the contention of counsel for the appellant and are of the opinion that his allotted time for argument was too limited.

The judgment is reversed and the cause remanded for a new trial.

ROBINSON, MALLERY, HAMLEY, and DONWORTH, JJ., concur.

[1]Reported in 223 P. (2d) 459.