[No. 25172. *En Banc.* March 18, 1935.]

THE STATE OF WASHINGTON, *Respondent,* v. J. H. MORRIS, JR., *Appellant.*[1]

*Patterson & Ross* and *Herbert S. Little,* for appellant.

*Robert M. Burgunder* and *Emmett J. Lenihan,* for respondent.

MITCHELL, J.—J. Benjamin Hayes and J. H. Morris, Jr., by an information containing five counts, filed in the superior court, were jointly charged with the crime of grand larceny in each count. In each of them, Hayes was charged as principal and J. H. Morris, Jr., as an aider and abettor. J. H. Morris, Jr., appearing separately, demurred on several statutory grounds to each count in the information. The demurrer was overruled. He then moved for a separate trial, which was denied. Upon pleas of not guilty, the defendants were tried jointly and found guilty by a jury. After his motion for a new trial was disposed of, J. H. Morris, Jr., was adjudged guilty and sentenced to imprisonment on three counts. He has appealed from the judgment and sentence.

The argument upon the assignments is that the court

[1]Reported in 42 P. (2d) 37.

committed reversible error in not granting appellant a separate trial.

Prior to 1919, a defendant jointly indicted or informed against with another could demand a separate trial as a matter of right. That year the legislature provided, by what is now Rem. Rev. Stat., § 2161 [P. C. § 9377], that the right to a separate trial should rest in the discretion of the trial court. *State v. Clark,* 156 Wash. 47, 286 Pac. 69, 85 A. L. R. 502.

The motion in this case for a separate trial was supported by an affidavit of one of appellant's attorneys, and resisted by an affidavit of denials by a deputy prosecuting attorney engaged in the case.

On consideration of the affidavits, we see no abuse of discretion in the denial of the motion. The case falls within the statute and the reasoning upon the subject under similar circumstances in the case of *State v. Clark, supra.*

Affirmed.

ALL CONCUR.