[No. 26013. Department Two. April 29, 1936.]

THE STATE OF WASHINGTON, *Respondent,* v. EDWARD
SHAY *et al., Appellants.*[1]

[1]Reported in 57 P. (2d) 401.

*Adam Beeler,* for appellant Shay. ·

*Vanderveer & Bassett* and *Revelle, Simon & Coles,* for appellant Kinnear.

*Warren G. Magnuson* and *B. Gray Warner,* for respondent.

BLAKE, J.—The defendants were jointly charged with the crime of grafting. From judgments and sentences entered on verdicts of guilty, they both appeal.

The following facts were established by evidence which is uncontroverted: March 21, 1935, a personal injury case, entitled "Ole Knutsen, Plaintiff, v. Guy N. Hudreen et ux., Defendants," was on trial before a jury in one of the departments of the superior court of King county. Appellant Kinnear was a member of the jury.

About seven o'clock in the evening of March 21st, Shay appeared at the home of Elias A. Wright, attorney for the plaintiff in the case. Shay told Mr. Wright that five of the jurors had agreed that they would return a verdict for the plaintiff in any reasonable amount up to $2,250; that if Wright would give him $150 it would be unnecessary for the former to meet the jury in connection with the proposition. During the conversation, Shay held a card in his hand, upon which he said were the names of the five jurors. Wright saw only two of the names on the card. Having known Kinnear for some time, Wright asked Shay if he (Kinnear) was one of the five. Shay replied that he was.

The next morning, Wright reported the incident to

the judge before whom the case was being tried. The judge called the jurors before him one by one, and questioned them. None of them had been approached by Shay in any manner, and none but Kinnear and one other knew him. Kinnear had known him for several years. Kinnear testified (and he told the trial judge) that, on the evening of March 21st, he drove Shay to Sixteenth and Madison, where the latter got out of the car. This was within a block of Mr. Wright's residence. He waited there until Shay returned, and they then drove back down town.

Such further facts as may be stated were controverted. Kinnear denied any knowledge of Shay's mission. He also denied knowledge that Wright's residence was in that vicinity, and knowledge that that was Shay's destination.

In order to show guilty knowledge on the part of Kinnear and a general conspiracy, scheme or system to graft on the part of both him and Shay, the state produced three witnesses, James Ashe, Verna Ashe, his wife, and Marjorie Thompson, his former secretary.

Ashe testified that, in May, 1934, while he was on trial on a grand larceny charge, Shay approached him and told him that the situation looked bad for him; that for around two thousand dollars he (Shay) could exert sufficient influence with certain jurors to get a disagreement, if not a verdict of acquittal. Shay denied that he ever met or knew Ashe. Mrs. Ashe testified that, one day during the trial of her husband, Kinnear approached her and told her that he had good news for her husband; that the next day he met her in the corridor of the courthouse and told her that he was a member of an organization of jury fixers; that he had contacted the jury; that two of them were

strong for conviction; that, if she would guarantee him $1,500, he could insure an acquittal.

Miss Thompson testified that she was with Mrs. Ashe when Kinnear told the latter that he had some good news for Mr. Ashe; that she was with Mrs. Ashe the next day when she met Kinnear; that she did not hear the conversation between them, because Kinnear asked her to stay aside and see that Mr. Burgunder was not near.

 ■ Appellants contend that the evidence of these witnesses was inadmissible, because it tended to prove the commission of a crime other than the one with which they were charged. This court, however, has specifically held evidence of such character admissible. *State v. Shea,* 78 Wash. 342, 139 Pac. 203. In that case, the defendant was charged with the crime of grafting. Evidence was admitted tending to show the commission of another offense of grafting, but of a similar character to that charged in the information. Of the admissibility of the evidence, the court said:

"This evidence falls within the well established exception to the rule excluding evidence as to other criminal acts. It was properly admitted as a circumstance tending to show a scheme, system, or course of conduct implying a guilty intention on the appellant's part in soliciting a like sum from the prosecuting witness, accompanied by a similar promise."

The testimony of Ashe was admissible against Shay to show a scheme or system of conduct in grafting. The testimony of Mrs. Ashe and Miss Thompson was admissible against Kinnear to establish guilty knowledge on his part of Shay's visit to Mr. Wright.

 ■ At this point, it seems appropriate to consider appellants' seventeenth assignment of error, which is directed to an instruction given by the court with respect to the effect to be given to evidence of similar

transactions. The court specifically limited the effect of such evidence to its legitimate purpose of showing a scheme, or system, or guilty knowledge. The instruction is well supported by the rule stated in *State v. Shea, supra.*

Appellants complain that the court did not clearly instruct the jury that declarations attributed to each of the defendants were to be considered only as to the defendant to whom the statements were attributed. The court gave two instructions upon the subject of admissions, one general, the other specific. Reading the instructions together, we find no conflict in them. The court made it clear that such admissions could be considered only as against the defendant making them.

It will be well to here consider appellants' first assignment of error, which is directed to their motions for separate trials. The argument made is that each of the defendants had made statements or admissions prejudicial to himself which would not be admissible on a separate trial of the other. As we have just seen, the court limited the effect of such statements to the defendant making them. A motion for separate trial is addressed to the discretion of the court. Rem. Rev. Stat., § 2161 [P. C. § 9377]; *State v. Morris,* 181 Wash. 151, 42 P. (2d) 37. We find no abuse of discretion in the denial of appellants' motions for separate trials.

Appellants complain that the court unduly restricted them in the cross-examination of the witnesses Ashe and Marjorie Thompson. These assignments of error are without merit.

Appellants assign as error the denial of a motion for mistrial based on misconduct of the prosecuting attorney occurring during the re-direct examination of the witness Ashe. Ashe was serving a five

to fifteen year sentence, and was. brought from the penitentiary to testify. On cross-examination, counsel for appellants sought to elicit from him the admission that, in testifying, he was motivated by a promise or hope of parole or executive clemency. During the cross-examination, Ashe interjected: "I was threatened with death last night if I came here to testify." On motion, the statement was stricken. On re-direct examination, counsel for the state asked this question:

"You made the statement that you were threatened with death if you testified here today. I will ask you to state to the court the circumstances—"

At this point, counsel for appellants interposed an objection, which was sustained. Thereupon, counsel for appellants said:

"I ask for a mistrial in this case on the ground, your Honor, that it is deliberate misconduct and an attempt to prejudice the jury against my client."

Instantly, the court replied: "The motion is denied." The incident was then at an end. No motion for continuance was made. Nor was the court requested to instruct the jury to disregard the question asked by the state's attorney.

In such a state of the record, error cannot be predicated on misconduct of counsel. *State v. Johnson,* 103 Wash. 59, 173 Pac. 723; *State v. Melson, ante* p. 8, 56 P. (2d) 710. This was not a case where the misconduct was so flagrant and prejudicial as not to be cured by direction to the jury to disregard it.

█ The appellant Kinnear makes an assignment of error as follows:

"The court erred in denying the defendant Kinnear the right to show by the testimony of Edward Shay that the latter did not know any of the jurors, except Kinnear, and that he did not intend to influence any of the jurors by bribery or otherwise."

The offer of proof upon which this error is predicated, and the denial thereof, are to us rather vague. Shay apparently was not on the stand when the offer of proof was made, and no questions had been asked him as a basis for the offer. Shay was thereafter called to the stand as a witness for Kinnear, but testified only that he had never seen Ashe until the latter testified in the instant case.

We think the proof offered was immaterial, for the state made no claim that either Shay or Kinnear in fact attempted to corrupt or influence any of the jurors. Such proof is unnecessary to constitute the crime of grafting, as defined by Rem. Rev. Stat., § 2333 [P. C. § 9060]. Intention to corrupt the jury was not the gravamen of the offense charged in the information. *State v. Roberts,* 100 Wash. 493, 171 Pac. 225.

■ The next assignment of error which we shall consider is based on the court's refusal to give a requested instruction. During his own trial, Ashe was confined in the county jail. He testified that his conversation with Shay took place in the jail during a noon hour. The requested instruction reads as follows:

"I instruct you that a statute of the state of Washington makes it a misdemeanor for any person to have any verbal communication with any prisoner in any jail without the permission of the jail authorities. The same principles of law, which require you to presume that every man accused of a crime is innocent until proven guilty beyond a reasonable doubt, also requires you to presume, until the contrary is proven, that the defendant Shay did not violate the statute to which I have just referred."

Conceding the propriety of an instruction as to such a presumption, we cannot, in the absence of supporting authority, subscribe to such a rule as stated in

this request. By the plainest of implications, it states that the presumption must be overcome by evidence "beyond a reasonable doubt." We know of no presumption, except that of innocence, that can be overcome only by such measure of proof.

■ Appellant Kinnear requested the court to instruct the jury as follows:

"I instruct you that the information in this case charges that the defendant, John A. Kinnear, transported the defendant, Edward Shay, to a point near the home of Elias A. Wright, and then returned him again to another part of the city. This fact alone, even if proved beyond a reasonable doubt, is not sufficient to sustain a conviction against the defendant Kinnear, because the act of transporting a man from one place to another is in itself perfectly innocent unless done with a criminal purpose to assist the other man in the commission of a crime. Recognizing the truth of this, the prosecuting attorney has charged in the information that the defendants had an understanding that Kinnear was to receive a bribe from Shea for his vote as a juror in the Knutson case, and that he took the defendant Shay to a point near Mr. Wright's home for the purpose of enabling him to secure money from Mr. Wright with which to bribe the jurors in that case. This is the charge made against the defendant Kinnear. If it is true, he is guilty; if it is not true, he is innocent. And I want to caution you especially that, in determining the truth of this matter, you must not find a verdict based upon mere conjecture, suspicion or surmise, but only upon evidence which convinces you of the truth of the matter charged, beyond every reasonable doubt."

The first two sentences of this request, standing alone, constitute a correct statement of law applicable to the case. The balance is argumentative. Furthermore, in the latter part of the requested instruction, the substance of the charge against Kinnear, as contained in the information, is not stated correctly. The request was properly refused.

Error is assigned with respect to the instruction given by the court on reasonable doubt. Error is also assigned on the refusal to give a requested instruction on reasonable doubt. There is no merit in these assignments. The instruction given was correct and sufficiently comprehensive.

Error is predicated on an instruction in which the court told the jury that it was immaterial whether Shay, or Kinnear, or both of them attempted to influence the jury in the case of Knutsen v. Hudreen. This was a correct statement of law applicable to the case, under the rule of *State v. Roberts, supra.*

Error is assigned on the giving of an instruction on circumstantial evidence which contained the following: "It (circumstantial evidence) is entitled to the same weight as direct evidence." Standing alone, this might be objectionable. But the court gave two instructions on the subject of circumstantial evidence. Read together, they correctly and comprehensively define such evidence and its force and effect.

Shay did not take the stand in his own behalf. The court, in general terms, told the jury that no inference of guilt is to be drawn against a defendant who does not take the witness stand. Appellant Kinnear contends that, by failing to apply the instruction to Shay, the instruction may be construed to imply that an inference of guilt might be drawn against him (Kinnear) because he did take the stand. We think the contention has no foundation in reason.

Appellants assign as error the permission given by the court to the prosecuting attorney, when the case was called for trial, to indorse on the information the names of additional witnesses. This admittedly is within the discretion of the trial court. When the case was called for trial, the prosecutor moved for leave to indorse on the information the

names of additional witnesses. The motion was granted without claim of surprise or motion for continuance by appellants. In such state of the record, error cannot be predicated on the ruling. *State v. Linden,* 171 Wash. 92, 17 P. (2d) 635. In any event, the application was addressed to the discretion of the court. We find nothing to indicate that the court, in allowing the indorsement of the additional names, abused its discretion.

■ Appellants assign as error the denial of their motions for extension of time in which to file affidavits in support of their motions for new trial. The supporting affidavits were predicated on newly discovered evidence. But the newly discovered evidence was wholly of an impeaching character, directed to the testimony of the witness Ashe. The motions for extension of time were properly denied.

■ Appellants have also filed in this court a petition for leave to file motions for new trial in the lower court. This petition is predicated on newly discovered evidence. The supporting affidavits show the newly discovered evidence to be wholly of an impeaching character, directed to the testimony of Ashe. The petition will be denied, and the judgments and sentences will be affirmed.

MILLARD, C. J., HOLCOMB, BEALS, and TOLMAN, JJ., concur.