[No. 19533.    Department Two.    November 25, 1925.]

THE STATE OF WASHINGTON, *Respondent*, v. W. A. GODWIN, *Appellant*.[1]

CRIMINAL LAW (227)—TRIAL—SCOPE OF EVIDENCE IN REBUTTAL. Error cannot be assigned on the introduction in evidence of letters that were proper rebuttal of testimony of the adverse party.

SAME (216)—TRIAL—REMARKS AND CONDUCT OF JUDGE—COMMENT ON EVIDENCE. In a criminal case in which the accused's rights should have been carefully guarded, it is prejudicial error for the court, during the reception of the evidence, to make remarks likely to influence the jury by indicating the trial judge's belief upon questions of fact.

SAME (229½)—TRIAL—RECEPTION OF EVIDENCE—SCOPE OF EVIDENCE IN SURREBUTTAL. Where, in a criminal prosecution, the state did not offer Exhibit "G," as confirmatory of a date in issue, and accused did not offer in evidence Exhibit 2, and the state offered Exhibit "G" in rebuttal of the accused's evidence, accused is entitled, in surrebuttal, to offer Exhibit 2, to overcome Exhibit "G."

APPEAL (473)—SUBSEQUENT APPEALS—FORMER DECISION AS LAW OF CASE. A decision on a former appeal that the evidence sustained a conviction is conclusive upon the second appeal upon the same evidence.

Appeal from a judgment of the superior court for Pierce county, Teats, J., entered March 27, 1925, upon a trial and conviction of statutory rape. Reversed.

*Henry Arnold Peterson,* for appellant.

*J. W. Selden* and *J. A. Sorley,* for respondent.

MAIN, J.—As stated in 131 Wash. 591, 230 Pac. 831, when this case was here on a former appeal, the defend-

[1]Reported in 240 Pac. 897.

ant was convicted of the crime of carnally knowing a female child who, at the time of the commission of the offense, was under the age of consent. Upon that appeal, the judgment was reversed and the cause remanded for a new trial. Upon the retrial of the action, the defendant was again convicted, and prosecutes the present appeal. The facts are sufficiently stated in the former opinion and need not be here repeated.

The appellant first complains of the introduction in evidence of two letters, but these were properly introduced in rebuttal of certain testimony that the appellant had given in his own behalf. In the former trial, a number of letters written by the appellant were introduced, and upon the prior appeal, it was held that most of these were inadmissible; but it was recognized there that one or two of them might contain material evidence. Certain of the evidence which the appellant gave was subject to be rebutted by things stated in the two letters.

The second contention of the appellant is that the trial court made comments during the progress of the trial which tended to impair the influence and destroy the usefulness of his counsel, and also commented upon facts which tended to prejudice the jury. The statements complained of are the following:

"Mr. Croteau: If the court please, we will connect that up. The Court: You have started to connect up several things and did not do it. I am going to sustain the objection. Mr. Croteau: I ask for an exception."

"Mr. Sorley: I will offer identification 'L' in evidence. I think you will find it is the last paragraph, Your Honor. The Court: 'L' is admitted, exception allowed defendant. Mr. Croteau: I would like to know the reason counsel asks. . . . The Court: Just read the letter, you will find reasons enough."

"Mr. Croteau: We can show this (Exhibit G) is not the correct one. The Court: Not that way. He can

make a dozen different changes on that after he files it with the Company, but this is the one in question. Mr. Croteau: But this (plaintiff's Exhibit G) is supposed to be a copy of the original. The Court: This is the original."

"Q. About Mr. Godwin walking in his sleep? A. Everybody knew it. Q. All the members of the family knew it? Were any of the members of your family ever up with Mr. Godwin in the night when he walked in his sleep? Mr. Sorley: I do not see that that is material. The Court: Objection sustained. Mr. Croteau: If the court please—. The Court: Objection sustained, exception allowed. Mr. Croteau: The family testified they were up—. The Court: He may have walked on his head, I can't see that it makes any difference here."

"Mr. Selden. Your Honor, I object to the further cross-examination of this witness on that; she has a right to correct her testimony at any time. The Court: Overruled; he will get to the limit, I suppose."

"Q. What does that mean? A. That means I left for Cle Elum just ahead of number 15. There were two 15's that night, there had been a washout. Mr. Sorley: I object. The Court: Overruled, he is trying to interpret his hieroglyphics."

As stated, these remarks of the court occurred during the progress of the trial, and while we do not know what the atmosphere of the court room may have been at the time, it is difficult to read the record and reach any other conclusion than that the statements complained of were harmful to the appellant's cause. The jury as a rule are alert to read the mind of the trial court upon a question of fact which they must determine, and they are likely to be influenced by what they believe the trial judge may think upon the facts. Upon the former appeal, it was pointed out that "the case is one in which the defendant's rights should have been carefully guarded." But it is unnecessary to pursue

this question as the judgment must be reversed for another reason.

The complaining witness, when first on the stand, testified to a number of occurrences and one as having taken place on June 30, 1923. The appellant, when he took the stand in his own behalf, denied all the charges made against him, and affirmatively testified that, on June 30, 1923, the date upon which the state had elected to rely, he was in Malden, Washington, went east to St. Mary's, Idaho, and spent about two hours in St. Mary's, and returned back to Malden and to Othello, landing at that place at about three o'clock on the morning of July 1. In rebuttal, the state introduced in evidence Exhibit G, which purports to be a report of where the appellant was on each day in June and what he did. This report is partly in the handwriting of the complaining witness and partly in the handwriting of the appellant. The complaining witness testifying in rebuttal with reference to the report, interpreted it as showing that the appellant was in Tacoma on June 30. In surrebuttal, the appellant offered in evidence his Exhibit 2 which was a report to the Chicago-Milwaukee & St. Paul Railroad, his employer. When this was offered, in evidence the following occurred:

"W. A. Godwin recalled, examination by Mr. Croteau. Q. Showing you defendant's identification '2,' I will ask you to state what that is? Mr. Sorley: I have no objection to the answer as to what the document itself is, but do not state anything that is on the document. A. That is my submitted report to the Chicago, Milwaukee & St. Paul, concerning my actions during the year 1923. The Court: What is that, surrebuttal? Mr. Croteau: It is. The Court: What is it? Mr. Croteau: It purports to be a report of the month which is the original, this is from the files of the Chicago, Milwaukee & St. Paul Railway. The Court: It

is not sur-rebuttal. He can't disprove this by saying he filed another one. Mr. Croteau: We can show this is not the correct one. The Court: Not that way. He can make a dozen different changes on that after he files it with the company, but this is the one in question. Mr. Croteau: But this is supposed to be a copy of the original. The Court: This is the original. This is what the testimony pertains to, and on that one marked Exhibit 'G' have all the testimony you want that is competent. The filing of a report from the original files of the Milwaukee is not competent, it is not sur-rebuttal. Mr. Croteau: It is the only way the defendant has got to show. The Court: I have ruled on the question of best evidence, this is the one that is introduced. Now sur-rebuttal must pertain to that identical paper. Mr. Croteau: Under that ruling we cannot introduce any documentary evidence to show that this is not correct. The Court: No sir, that's right. He can testify to that and to items on Exhibit 'G,' but he cannot impeach Exhibit 'G' by filing some other document.''

The state claims that the ruling in rejecting Exhibit 2 was a matter which was within the discretion of the trial court. The appellant claims that he, as a matter of right, had a right to introduce it in sur-rebuttal. If the evidence offered was strictly in rebuttal, it was the appellant's right to have it introduced in evidence. On the other hand, if it was merely cumulative or confirmatory or on an essential point wherein he failed to give evidence on his original case, then it was a matter for the exercise of the discretion of the trial court. In § 809, Jones on Evidence (2d ed.), it is said:

''In the regular order of procedure, the party having the affirmative ought to introduce all the evidence necessary to support the substance of the issue; then the party denying the affirmative allegations should produce his proof, and finally the proof in rebuttal is

received. *Rebutting evidence* means not merely evidence which contradicts the witnesses on the opposite side and corroborates those of the party who began, but evidence in denial of some affirmative fact which the answering party has endeavored to prove. Where the evidence is clearly rebuttal the one offering it is entitled to have it admitted, and its exclusion is error. And when evidence is introduced for the first time in rebuttal the defendant has the right to disprove the same on sur-rebuttal. The practice should not be encouraged of allowing either party, after resting his case, to amend and add to his proof, until by repeated experiments he conforms to the view of the court; and when the burden of proving any matter is thrown upon a party by the pleadings, he must generally *introduce, in the first instance, all the evidence upon which he relies;* and he cannot, after going into part of his case, reserve the residue of his evidence for a subsequent opportunity."

In Encyclopaedia of Evidence, vol. 10, p. 654, it is said:

"Evidence offered in a trial on the stage of surrebuttal may, like that offered on rebuttal, be divided into two classes: (1) evidence strictly in surrebuttal, and (2) evidence not strictly in surrebuttal.

"2.　Evidence Strictly in Surrebuttal.—A defendant is entitled as of right to put in evidence strictly in surrebuttal after the complainant has closed his case on rebuttal. Thus for instance, evidence to impeach the credibility of witnesses testifying on rebuttal, or to sustain the credibility of witnesses attacked on rebuttal, is admissible on surrebuttal.

"3.　Evidence Not Strictly in Surrebuttal.—Admission as Matter of Right.—A defendant, however, is not entitled as of right to put in on the stage of surrebuttal evidence not strictly surrebutting, but merely cumulative or confirmatory. Nor is he entitled to put in at that stage evidence on an essential point whereon he failed to give evidence on his original case.

"Admission as Matter of Discretion.—In every case, however, the admission or rejection of such evidence

on the stage of surrebuttal is addressed wholly to the sound discretion of the trial court."

In its case in chief, the state, as above stated, did not offer in evidence Exhibit G as confirmatory of the date of June 30. The appellant, when he took the stand in his own behalf, did not offer in evidence Exhibit 2. Exhibit G was offered in evidence in rebuttal. In surrebuttal, Exhibit 2 was offered as tending to overcome Exhibit G. We think the appellant, as a matter of right, was entitled in surrebuttal to rebut Exhibit G, and that the ruling of the trial court on this question was error.

The appellant further claims that a new trial should have been granted because the evidence was not such that the court was justified in sustaining the conviction. This question was disposed of upon the former appeal where the evidence was held sufficient and need not be here discussed.

The judgment will be reversed, and the cause remanded with directions to the trial court to grant a new trial.

TOLMAN, C. J., MITCHELL, PARKER, and MACKINTOSH, JJ., concur.