[No. 31680.    Department Two.    July 19, 1951.]

THE STATE OF WASHINGTON, *Respondent*, v. CARL HOGGATT et al., *Appellants.*[1]

[1] Reported in 234 P. (2d) 495.

*Russell F. Stark* and *Kenneth W. Hill*, for appellants.

*James E. Duree* and *Fred Schwarz*, for respondent.

GRADY, J.—The appellants were convicted of the crime of assault in the second degree, and from the judgment and sentence entered have taken this appeal.

The appellants conducted their own defense. A motion for a new trial was denied. They urge the court should have granted them a new trial, because it was discovered after the trial that one of the jurors was physically disqualified in that his hearing was impaired; also because the evidence was insufficient to support the verdict. They contend the court erred in permitting a witness to testify whose name was not included in the list of witnesses served upon them without giving them time within which to rebut the testimony of such witness; also the court erred in refusing to permit them to inquire with reference to the general reputation of the prosecuting witness for truth and veracity.

Inasmuch as we have concluded that appellants are entitled to a new trial, it is not necessary that we discuss the matter of juror disqualification. The same question is not likely to arise at another trial.

Our examination of the record convinces us that there was sufficient evidence to justify the submission of the case to the jury upon both offenses of assault in the second and third degree; but in view of the fact that we are remanding the case for a new trial, we do not deem it advisable to enter into any discussion of the factual situation disclosed by the evidence.

Shortly before the respondent rested its case, announcement was made by the prosecuting attorney that he desired to call as a witness the physician who had attended the prosecuting witness after the assault charged was committed. The witness would not be available until after the noon recess. Objection was made to calling the witness on the ground that his name did not appear in the list of witnesses served upon appellants. In response to an inquiry made by the court, appellants stated they might be able to interview the physician during the noon hour if he was available, but even then they might desire to call some other physician as a witness in their behalf.

During the noon recess, the appellants contacted the physician, and upon convening of court renewed their objection. The appellants claimed surprise that an expert witness was to be called to testify with reference to the physical condition of the prosecuting witness after the assault. They made no formal motion for a continuance, but it is apparent from the record that they sufficiently apprised the court of a desire for an opportunity either to consult with or secure the attendance of a physician of their own choosing for the purpose of interrogating him on the same subject to be covered by the physician called by respondent.

It was within the discretion of the court to permit respondent to call a witness even though his name was not included in the list of witnesses served on appellants, but appellants were entitled, after being apprised of the identity of the witness, to have a reasonable time within which to consult a physician of their own choosing to determine whether they might obtain rebuttal testimony in support of their defense to the charge of assault in the second degree. We think the discussion had between the trial judge, the prosecuting attorney, and appellants when the question arose was sufficient to indicate to the court that appellants desired an opportunity to obtain rebuttal testimony; also that they would be prejudiced if such opportunity was denied them. *State v. Willis*, 37 Wn. (2d) 274, 223 P. (2d) 453.

The appellants called witnesses who testified without objection as to their good reputation in the community. The witnesses were also asked if they would believe what appellants might state whether or not they were under oath. One of the witnesses was asked if he had ever done business with the prosecuting witness, and he gave an affirmative answer. He was then asked if he knew what his reputation was. The court then stated to the appellant who was conducting the examination of the witness: "His reputation is not an issue, and so it is not material and that question must be withdrawn." The examining appellant requested to know whether he had the right to ask the witness anything about the prosecuting witness and was informed that he could not ask about his general reputation. Inquiry was then made as to whether the witness might be asked about his reputation and his associates, to which a negative answer was given. Inquiry was further made as to whether any witnesses could be called to testify against the prosecuting witness, and the court stated: "Not on his general reputation."

We cannot conclude that the court erred in refusing to permit the inquiry proposed. The appellants did not inform the court of the nature of the inquiry to be made. They merely stated that they wished to inquire into the general reputation of the prosecuting witness and about his associates. The assignment of error with reference to this subject is based upon the refusal of the court to permit inquiry as to the general reputation of the prosecuting witness for truth and veracity, but the record does not support such assertion. No claim was made to the court that appellants desired to inquire into the reputation of the prosecuting witness either for truth and veracity, or with reference to something affecting his credibility, or as being of a quarrelsome disposition. The latter is a proper inquiry when there is an issue as to who was the aggressor in an affray. *State v. Adamo*, 120 Wash. 268, 207 Pac. 7.

Ordinarily, the character or reputation of a witness is not an issue in a case, nor is it material with whom he may have associated. If, however, a party desires to impeach a witness, either by cross-examination or by showing

what is his general reputation, and objection is made thereto, it is incumbent upon the examiner of the witness to disclose to the court what he expects to prove, so the court may determine whether such witness should be subjected to impeachment. He may have traits of character which a trier of fact might regard as affecting his credibility as a witness. If the court is informed as to what it is claimed they are, it is in a position to determine whether reputation in the particular respect would bear on credibility and exercise its discretion, which will not be disturbed by an appellate court unless it can be said there has been a clear abuse thereof. *State v. Jackson,* 83 Wash. 514, 145 Pac. 470; *State v. Wingard,* 92 Wash. 219, 158 Pac. 725; *State v. Gaffney,* 151 Wash. 599, 276 Pac. 873, 65 A. L. R. 405; *State v. Brooks,* 172 Wash. 221, 19 P. (2d) 924; *State v. Thomas,* 8 Wn. (2d) 573, 113 P. (2d) 73; 58 Am. Jur. 391, 414, Witnesses, §§ 725, 762.

The judgment is reversed and the case remanded for a new trial.

SCHWELLENBACH, C. J., MALLERY, HAMLEY, and WEAVER, JJ., concur.