[No. 1564-2.    Division Two.    July 28, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. JERRY LEE DU-PONT, *Appellant*.

*Durward E. Self*, for appellant.

*Donald F. Herron, Prosecuting Attorney,* and *Joseph D. Mladinov, Special Counsel,* for respondent.

WIEHL, J.*—The defendant, Jerry Lee DuPont, was found guilty by a jury of illegal possession of dangerous drugs. He appeals from that conviction.

A Tacoma police officer stopped DuPont in a grocery store on a matter unrelated to the charges in this case. The officer testified that while talking to DuPont he heard keys drop, and saw a piece of white paper flutter to the ground, although he did not actually see DuPont drop these objects. The officer retrieved the keys, paper, and a $20 bill, which were lying on the floor close to the defendant's feet. The paper and the money were both folded tightly and were later found to contain cocaine and heroin. The keys fit DuPont's car. The officer stated that while there were other people in the store, no person was in close proximity to the defendant, and for this reason he neither searched nor questioned any other person concerning their possible involvement with the objects in question.

At trial, the State in its rebuttal case introduced expert testimony as to the value of the cocaine and heroin. The defendant contends admission of this testimony on rebuttal was improper. However, he failed to object to this testimony at trial and objections to this evidence may not be raised for the first time on appeal. *Sepich v. Department of Labor & Indus.*, 75 Wn.2d 312, 450 P.2d 940 (1969); *State v. Parker*, 9 Wn. App. 970, 515 P.2d 1307 (1973).

The defendant next urges the trial court erred in refusing to permit him to testify in surrebuttal. DuPont's counsel offered to recall the defendant to surrebut the State's evidence concerning the value of the drugs. The rule respecting surrebuttal evidence is well established in Washington. A defendant may, as of right, introduce evidence strictly in surrebuttal. For example, evidence to impeach a rebuttal witness is admissible as of right on surrebuttal. *State v. Godwin*, 136 Wash. 582, 240 P. 897 (1925); *State v. Stambach*, 76 Wn.2d 298, 456 P.2d 362 (1969); *State v. Harris*, 12 Wn. App. 381, 529 P.2d 1138 (1974). The

*Judge Lloyd Wiehl is serving as a judge pro tempore of the Court of Appeals pursuant to Laws of 1973, ch. 114.

admission of evidence not strictly in surrebuttal is wholly within the discretion of the trial court. *State v. Harris, supra.* Testimony which is merely cumulative or confirmatory or which is merely a contradiction by a party who has already so testified does not justify surrebuttal as of right. Moreover, a defendant on surrebuttal may not introduce evidence, as of right, on an essential point on which he failed to give evidence in his case-in-chief. *State v. Stambach, supra; State v. Godwin, supra.*

In the case at bench, the apparent purpose of DuPont's testimony was to refute the State's evidence regarding the value of the drugs. Testimony which contradicts substantive testimony of opponent's witness is a proper impeachment tool. *Jacqueline's Washington, Inc. v. Mercantile Stores Co.,* 80 Wn.2d 784, 498 P.2d 870 (1972). Impeachment is proper on surrebuttal, and since DuPont had not previously testified as to value, a matter which normally would not have been presented in his case-in-chief, *cf. State v. Pristell,* 3 Wn. App. 962, 478 P.2d 743 (1970), he was entitled to testify, as of right on surrebuttal, and it was error to refuse him the opportunity to do so.

This error, however, does not necessarily justify reversal. The State's purpose for introducing evidence of the drugs' value in the case is unclear. But testimony of value in a possession case, whatever the reason for its introduction, is only slightly probative. *State v. Pristell, supra.*

Furthermore, where "the average juror would not have found the prosecutor's case significantly less persuasive had the error not occurred" the error is not prejudicial. *State v. DeWilde,* 12 Wn. App. 255, 260, 529 P.2d 878 (1974). To find DuPont guilty, the jury had to find he had actual possession of the drugs, irrespective of their value. DuPont's testimony as to value clearly would not have had a significant effect on the State's case, and failure to allow his testimony does not require reversal.

The defendant next asserts there was insufficient evidence to support his conviction on the theory that he had actual possession of the drugs. When a criminal de-

fendant challenges the sufficiency of the evidence, the evidence and all reasonable inferences are construed in favor of the State and most strongly against the defendant. *State v. Costello*, 59 Wn.2d 325, 367 P.2d 816 (1962); *State v. Pristell, supra.* Our only inquiry on appeal is whether there was substantial evidence from which the jury could find DuPont possessed the drugs. *State v. Pristell, supra.* While the evidence here was circumstantial, it was adequate to enable the jury to conclude the defendant had actual possession of the drugs.

The defendant finally contends that the trial court erred in refusing his proposed instruction concerning constructive possession. The proposed instruction stated: "It is not enough to support constructive possession that the defendant might have been in close proximity to the drugs."

Jury instructions must be considered in their entirety and where the other instructions sufficiently state the law, it is not error to refuse a requested instruction. *State v. Passafero*, 79 Wn.2d 495, 487 P.2d 774 (1971); *State v. Birdwell*, 6 Wn. App. 284, 492 P.2d 249 (1972). In addition, while the court must instruct on a party's theory of the case, such instruction is proper only if there is evidence to support it. *State v. Birdwell, supra*; *Braden v. Rees*, 5 Wn. App. 106, 485 P.2d 995 (1971).

Conviction for possession of narcotics may be based on a finding that a defendant had actual or constructive possession of the drugs. Actual possession means the drugs are in the personal custody of the defendant. Constructive possession occurs where the drugs are not in actual physical possession of the defendant, but where he had dominion and control over them. *State v. Callahan*, 77 Wn.2d 27, 459 P.2d 400 (1969).

We agree with the trial court that the evidence presented only the question of actual possession. "The issue is really very simple in this case; that is, either he dropped it or he didn't . . ." The court's instructions sufficiently set forth

the law on actual[1] possession and we find no error in the court's refusal of the defendant's proposed instruction.

■   The defendant's instruction was properly rejected on a second ground. It was a negative instruction. A trial court is not required to give negative instructions and its failure to do so does not constitute error. *State v. Bell*, 83 Wn.2d 383, 518 P.2d 696 (1974); *State v. Hannigan*, 3 Wn. App. 529, 475 P.2d 886 (1970).

Judgment is affirmed.

BRYAN (A.C.J.) and COCHRAN, JJ. Pro Tem., concur.

Petition for rehearing denied September 22, 1975.

Review denied by Supreme Court November 24, 1975.

---

[1]These instructions were as follows:

"INSTRUCTION No. 7

"Possession of a controlled substance occurs when it is found to be, or to have been, in actual physical custody of the person charged with possession.

". . .

"INSTRUCTION No. 13

"Any fact or issue may be proved either by direct or by circumstantial evidence. Both classes of proof are equally competent and legal. The only difference between them is that direct evidence is produced by witnesses testifying directly from their personal observation, while circumstantial evidence is proof of certain facts and circumstances from which the jury may infer the existence of other facts which, according to the common experience of mankind, usually and reasonably accompany the facts proven.

"A conclusion based upon direct evidence depends upon your belief in the truthfulness and accuracy of observation of the witness testifying to the fact observed.

"A conclusion based upon circumstantial evidence depends upon your belief as to whether such a conclusion reasonably results or is naturally inferable from the physical facts and other circumstances that have been proven. The facts and circumstances relied upon must be consistent with each other, and with the guilt of the defendant. They must be inconsistent with any reasonable theory of innocence. They must be of such character as to exclude every reasonable hypothesis other than that of guilt."