[No. 3884–0–III.   Division Three.   October 14, 1982.]

THE STATE OF WASHINGTON, *Respondent*, v. HENRY
FRANK VAVRA, *Appellant*.

*John C. Cooney,* for appellant.

*Douglas S. Boole, Prosecuting Attorney,* for respondent.

ROE, J.—Defendant appeals from a conviction of being an accessory to a first degree robbery. Allegedly, he drove two men, Carlson and Olson, from Spokane to the scene of the crime in Okanogan County. These two men hid in the restaurant, were spotted by the police and, while seeking to get away, took money from an employee in the lounge; they were caught. The next day defendant Vavra was arrested and charged as an accessory. Both Carlson and Olson pleaded guilty and agreed to testify against Vavra. Carlson avoided being charged as a habitual criminal and Olson, 18 years old, was given leniency. Defendant claims error in permitting an unlisted witness, Glen Bovee of Spokane, to testify and also claims that failure of the prosecutor to disclose impeaching evidence regarding Bovee denied him a fair trial.

RCW 10.37.030 requires the prosecuting attorney to file and give defense counsel a list of the witnesses whom he intends to use at the trial. The original list given by the prosecutor to defendant's counsel did not include the name of Glen Bovee. Later Bovee was subpoenaed to testify and his name was added to the list. At the time of trial defendant's attorney agreed to proceed with the understanding that Bovee would be available to the defense for an interview as soon as he arrived for the trial. Bovee was interviewed by defendant's attorney but no continuance or additional time to interview was sought.

The statute as implemented by CrR 4.7 (discovery—prosecutor's obligations and defendant's obligations) is designed to protect both parties against surprise. *State v. Cooper,* 26 Wn.2d 405, 174 P.2d 545 (1946). Compliance with that statute is not mandatory, *State v. Jones,* 70

Wn.2d 591, 595, 424 P.2d 665 (1967), and the court may permit testimony by witnesses who have not been listed, *State v. Leosis,* 160 Wash. 176, 294 P. 1115 (1931). An additional purpose of this statute is to enable the parties to inquire into the habits, character and standing of the witnesses and to permit the jurors to be questioned in voir dire concerning their knowledge of and acquaintance with the witnesses who will testify. *State v. Thompson,* 59 Wn.2d 837, 842, 370 P.2d 964 (1962). Reversal for noncompliance with this statute arises from an abuse of discretion by the trial court or some substantial injury to the defendant. *State v. Jones, supra.* The trial court's discretion to allow unlisted witnesses to testify should not be overruled absent a manifest abuse of discretion. *State v. Woods,* 3 Wn. App. 691, 693, 477 P.2d 182 (1970) outlines the prerequisites for an effective claim of noncompliance with the statute:

> [H]e must *in fact* be surprised, and he must make a timely claim that he is. He must additionally
>> request a continuance of the trial for a reasonable time in order that his counsel may prepare to cross–examine the witness and he may secure rebuttal testimony if it is available, and also make it appear that he will be prejudiced if such opportunity be not afforded him.

*State v. Willis,* 37 Wn.2d 274, 278, 223 P.2d 453 (1950).

*State v. Gilmore,* 76 Wn.2d 293, 456 P.2d 344 (1969) held a belated endorsement of two witnesses was an oversight by the prosecutor and did not constitute error when the witnesses were examined by defense counsel during a recess granted by the court. There was no request for a continuance. In that case, at no time did the defendant indicate he needed more time to prepare for the testimony of additional witnesses or to secure rebuttal witnesses.

In *State v. Hoggatt,* 38 Wn.2d 932, 234 P.2d 495 (1951), a formal motion for a continuance was held unnecessary if sufficient facts which appear in the record indicate the defense desired and sought a continuance.

In *State v. Willis,* 37 Wn.2d 274, 279, 223 P.2d 453 (1950), the court stated:

[I]n the application of the rule due protection must be afforded a defendant if he objects to such action [adding witnesses], is in fact surprised, asks for a continuance of the trial, and makes a showing of prejudice.

In *Willis*, the court found the defendant had been prejudiced, not only in calling a surprise witness, but that such witness was an expert testifying upon a highly technical subject which was a vital issue to the case. Defendant has not demonstrated abuse of the trial court's discretion in permitting Mr. Bovee to testify.

Another factor is present, however, which we believe violates the spirit of the rule for a full and frank disclosure. CrR 4.7(c)(3) specifically requires the prosecutor to disclose, upon request of the defendant, any relevant material and information regarding the relationship, if any, of specified persons to the prosecuting authority. Also, CrR 4.7(h)(2) fastens a continuing duty upon the prosecutor to disclose additional information or material which is discoverable. The purpose of the rules is to ensure a fair trial, among other things, so that rebuttal testimony may be obtained and more particularly so that impeachment evidence may be ascertained.

In this case defense counsel suspected that the witness Bovee, who was facing an unrelated charge in Spokane County, might have been offered some "deal" or agreement to testify against Vavra. When Bovee was called as a witness by the State, he was asked on direct examination, "Do you know of any promise or consideration that the Okanogan County Prosecutor's Office would give you in a Spokane matter for your testimony today?" Bovee answered, "None". On cross examination, Bovee was asked, "Isn't it a fact, Mr. Bovee, that the Okanogan County Prosecutor is going to put in a good word for you in Spokane on your charges? A If the Okanogan County Prosecutor is going to do that I am not aware of it." Bovee denied the prosecutor would come to Spokane for him. The defense contended that while the witness Bovee may not have known of an arrangement whereby the Okanogan County Prosecutor

would assist Bovee on the Spokane charge, nevertheless, in fact such an arrangement had been made and this was withheld from defense counsel.

In view of a supporting affidavit submitted by defendant on appeal, this matter was remanded to the trial court for a finding of fact concerning this question. In a post–trial hearing, the court found that in fact there was some understanding between the Okanogan County Prosecutor and the witness Bovee's Spokane attorney to the effect that after Bovee testified in Okanogan County, its prosecutor would go to Spokane and make a statement on behalf of Mr. Bovee at his Spokane sentencing; that further, if Mr. Bovee had participated in a crime with Mr. Vavra within the confines of Okanogan County, the prosecutor would not proceed with prosecution of Mr. Bovee if he testified favorably for the prosecution in Okanogan County against Vavra. This agreement between the prosecutor in Okanogan County and the witness Bovee's counsel in Spokane County was not communicated to defense counsel until sometime after defendant Vavra had been convicted and, in all probability, Mr. Bovee's counsel communicated the terms of that agreement to Bovee on the first day of the trial and before Bovee testified in the case of State v. Vavra.

We must reverse the conviction. Such an understanding or agreement between the prosecutor and the only independent critical witness which linked defendant Vavra with the actual robbery should have been disclosed to defense counsel for the purpose of possible impeachment. The jurors may well have found that the leniency and favoritism shown to the critical independent witness whose testimony was required to link Vavra with the crime made him less believable, and thus it was error not to disclose the terms of this arrangement to defense counsel.

Defendant also contends that knitting by one juror during voir dire was sufficient misconduct to violate his right to a fair trial. The trial judge directed his bailiff to request that the juror stop knitting; the problem was apparently resolved. No one examined the juror to deter-

mine attentiveness. Although defendant claims jury misconduct, he cites no cases in support of his contention that a juror's knitting during voir dire constitutes misconduct and the record is entirely devoid of proof that a knitting woman is not a listening or thinking one.

Most errors occurring during voir dire examination of a prospective jury are correctable by admonitions and instructions and are addressed largely to the trial court's sound discretion. 2 L. Orland, Wash. Prac. § 196 (3d ed. 1972). For a more aggravated situation, *see Casey v. Williams,* 47 Wn.2d 255, 287 P.2d 343 (1955), termed "'The Case of the Somnolent Juror'", where there was no error.

Accordingly, the judgment of conviction is reversed and a new trial is ordered.

McINTURFF, C.J., and GREEN, J., concur.