# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | DIVISION ONE |
| Respondent, | ) | |
| | ) | No. 73741-4-I |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| ROBERT STERLING HALL, JR., | ) | |
| | ) | |
| Appellant. | ) | FILED: November 7, 2016 |
| | ) | |

DWYER, J. — Robert Hall appeals from the judgment entered on a jury's verdict finding him guilty of three counts of unlawful possession of a controlled substance with intent to manufacture or deliver those controlled substances. Hall contends that the trial court abused its discretion by denying his motion to exclude a State's witness and by denying his request for a one-day continuance. In his pro se statement of additional grounds, Hall asserts that the trial court erred by denying his motion to suppress evidence and by giving the jury an accomplice liability instruction that, he claims, relieved the State of its burden to prove the charged crimes beyond a reasonable doubt. Concluding that the trial court's rulings were the result of properly exercised discretion, we affirm.

I

Robert Hall and Mattie Snook, each having outstanding warrants for their arrest, were taken into custody in their motel room. While in the room, the

arresting officers noticed paraphernalia associated with drug distribution, including scales, plastic baggies, hypodermic needles, and a business ledger that appeared to detail drug transactions.[1] After conducting a pat down search of Hall and Snook, the officers located a small tin containing narcotics on Snook and $910 in cash on Hall. The officers obtained a search warrant for the motel room and conducted a more thorough search of the room, revealing residual traces of narcotics and additional paraphernalia associated with drug distribution—business ledgers; scales; and an unlocked box containing heroin, powdered and crack cocaine, and crystal methamphetamine shards.

The State initially charged Hall and Snook, as co-defendants, with one count of unlawful possession of a controlled substance with intent to manufacture or deliver those controlled substances. Snook ultimately entered a guilty plea. By amended information, the State charged Hall with three counts of unlawful possession of a controlled substance with intent to manufacture or deliver those controlled substances.

Hall moved to exclude the evidence discovered in his motel room. Prior to the hearing, Hall requested and was granted a continuance in order to interview Snook as a potential witness. At the suppression hearing, the State called the arresting police officers to testify and defense counsel called Snook. The trial court denied Hall's motion.

---

[1] One of the arresting officers, Officer Charles Miller, in describing what he saw in the motel room, colorfully stated that "there was just . . . a cornucopia of evidence readily apparent in the room."

Five days before trial, the State notified Hall that it would be calling Snook to testify against him as the State's first witness.

Five days later, the day Hall's trial was set to begin, citing the State's late disclosure of Snook as a State's witness, Hall moved to preclude Snook from testifying. Alternatively, a one-day continuance was requested. The State contested the motions, arguing that Hall was not surprised or prejudiced by Snook's testimony because Hall's counsel had called Snook as a witness in the earlier pretrial hearing and had been given a full opportunity to familiarize herself with the information possessed by Snook. The State further informed the trial court that Snook would be entering a drug rehabilitation treatment program in eastern Washington the following morning and would be unavailable to testify for several weeks thereafter. The trial court ruled that Snook could testify and denied Hall's request for a continuance, concluding that "the exigent circumstances . . . and [defense counsel's] familiarity with the witness will allow us to go forward." Snook testified that afternoon.

The jury found Hall guilty as charged. He was sentenced to 36 months in prison. Hall now appeals.

II

Hall contends that the trial court abused its discretion by denying his motion to exclude Snook's testimony and by denying his request for a one-day continuance in light of the State's late disclosure of that witness.[2] We find no error in the trial court's rulings.

---

[2] We do not address an issue that Hall raises for the first time on appeal, a claim that the State committed a discovery violation that deprived him of his right to due process. Hall failed to

- 3 -

A

Hall first contends that the trial court erred by denying his motion to preclude Snook, the State's late-disclosed witness, from testifying at trial. We review the trial court's denial of a motion to exclude a witness for abuse of discretion. State v. Vavra, 33 Wn. App. 142, 144, 652 P.2d 959 (1982) (citing State v. Jones, 70 Wn.2d 591, 595, 424 P.2d 665 (1967)). "The trial court's discretion to allow unlisted witnesses to testify should not be overruled absent a manifest abuse of discretion." Vavra, 33 Wn. App. at 144 (citing State v. Woods, 3 Wn. App. 691, 693, 477 P.2d 182 (1970)).

CrR 4.7 is the discovery rule applicable to criminal matters, including disclosure of witnesses prior to trial. The rule "is designed to protect both parties against surprise." Vavra, 33 Wn. App. at 143 (citing State v. Cooper, 26 Wn.2d 405, 174 P.2d 545 (1946)). However, in order to establish a violation of the rule, defense counsel "must in fact be surprised." State v. Willis, 37 Wn.2d 274, 278, 223 P.2d 453 (1950). "That a co-defendant might turn State's evidence is not unforeseeable." State v. Ramos, 83 Wn. App. 622, 636, 922 P.2d 193 (1996).

It is undisputed that Hall had interviewed Snook and called her as a witness at the suppression hearing. It is further undisputed that defense counsel had previously been granted a continuance in order to allow her to interview Snook as a potential witness. In light of this, the trial court denied Hall's motion to exclude Snook's testimony, finding that Hall was not surprised by the State's

develop or support this claim with reasoned argument or citation to authority in his brief. "'Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration.'" State v. Collins, 152 Wn. App. 429, 440 n.27, 216 P.3d 463 (2009) (quoting Palmer v. Jensen, 81 Wn. App. 148, 153, 913 P.2d 413 (1996)) (citing RAP 10.3(a)(6)).

identification of Snook as a person with information about the charges and that the late disclosure of Snook as a trial witness caused no unfair prejudice to him.

This ruling was clearly made on tenable grounds. Hall was not, in fact, surprised by Snook's knowledge of facts concerning the charges. She was identified in the discovery provided to Hall's counsel. Hall's counsel, as a result of a previously granted continuance, had ample opportunity to familiarize herself with Snook's knowledge of facts pertaining to the charges. And Hall's counsel was aware that Snook had ended the prosecution against her by pleading guilty. "That a co-defendant might turn State's evidence is not unforeseeable." Ramos, 83 Wn. App. at 636. Thus, it cannot be said that Hall was prejudiced by the timing of the State's identification of Snook as a trial witness. Vavra, 33 Wn. App. at 143-45 (no prejudice to the defendant by late disclosed witness's testimony because defense counsel had been provided the opportunity to interview the witness). Accordingly, the trial court did not abuse its discretion in denying Hall's motion to exclude Snook as a witness.

## B

Hall next asserts that the trial court erred by denying his request for a one-day continuance. We review a trial court's decision to grant or deny a motion for a continuance for an abuse of discretion. State v. Ollivier, 178 Wn.2d 813, 822-23, 312 P.3d 1 (2013). "Discretion is abused if it is exercised on untenable grounds or for untenable reasons." State v. Phuong H. Nguyen, 131 Wn. App. 815, 819, 129 P.3d 821 (2006).

Here, after the State informed the court of its intention to call Snook as a witness, defense counsel requested that the court delay the start of trial until the following morning so that she could incorporate Snook's anticipated testimony into her trial strategy. However, Snook was not available to testify the following day because she was to enter a multi-week inpatient drug treatment program in eastern Washington in the morning. The trial court denied the request, citing to the exigent circumstances surrounding Snook's scheduled entry into the drug treatment program.

The trial court, in making its determination, balanced the rights of the defendant with the health needs of the witness. In this instance, the trial court weighted its determination in favor of the witness in light of the significant medical treatment she was to receive. This balancing was bolstered by the trial court's knowledge that it had already granted Hall a continuance in order for his attorney to interview Snook in preparation for the suppression hearing. Thus, the trial court's ruling was made for tenable reasons. There was no abuse of discretion.

III

In his pro se statement of additional grounds, Hall assigns error to both the trial court's denial of his motion to suppress the evidence discovered in his motel room and to the accomplice liability instruction given by the trial court. Neither claim has merit.

A

Hall initially asserts that the trial court erred by denying his motion to suppress the evidence that was discovered in his motel room. His motion to

suppress should have been granted, Hall contends, because the police officers used the outstanding warrant for his arrest as a pretext to gain access to his motel room in order to search for criminal activity.

We review findings of fact entered after a suppression hearing to determine whether they are supported by substantial evidence in the record. State v. O'Neill, 148 Wn.2d 564, 571, 62 P.3d 489 (2003). Unchallenged findings are verities on appeal. O'Neill, 148 Wn.2d at 571. We review conclusions of law de novo. State v. Johnson, 128 Wn.2d 431, 443, 909 P.2d 293 (1996).

The United States and Washington Constitutions protect against unreasonable searches and seizures. U.S. CONST. amend. IV; WASH. CONST. art. I, § 7. "'[A]n arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within.'" State v. Williams, 142 Wn.2d 17, 24, 11 P.3d 714 (2000) (quoting Payton v. New York, 445 U.S. 573, 603, 100 S. Ct. 1371, 63 L. Ed. 2d 639 (1980)). However, "[t]he police cannot use arrest warrants as a guise or pretext to otherwise conduct a speculative criminal investigation or a search." State v. Hatchie, 161 Wn.2d 390, 401, 166 P.3d 698 (2007) (citing State v. Michaels, 60 Wn.2d 638, 644, 374 P.2d 989 (1962)). In determining whether pretext exists, the trial court must consider the "'totality of the circumstances, including both the subjective intent of the officer as well as the objective reasonableness of the officer's behavior.'" State v. Minh Hoang, 101 Wn. App. 732, 741, 6 P.3d 602 (2000) (quoting State v. Ladson, 138 Wn.2d 343, 358-59, 979 P.2d 833 (1999)).

Herein, two police officers went to a motel in an attempt to arrest a suspect—not Hall or Snook—who had an outstanding warrant. The officers were assigned to a police unit that focuses on locating individuals with outstanding warrants and taking them into custody. While at the motel, the manager informed the officers that the suspect was not currently in his room. The manager further said, however, that he was concerned about two individuals, Hall and Snook, who were currently residing in one of his rooms, believing that they were dealing drugs out of their motel room and possessing stolen property. The officers entered both Hall's name and Snook's name into a computer database and learned that both of them had outstanding warrants for their arrest. The officers decided to take Hall and Snook into custody.

This they did. Upon discovering drug paraphernalia strewn about the motel room, narcotics in Snook's pants pocket, and a large amount of cash in Hall's pants pocket, they applied for a search warrant for the room. After the warrant was issued, they found additional drugs and paraphernalia in the motel room.

At the hearing on Hall's suppression motion, the officers testified that the sole purpose of arresting Hall and Snook was to take them into custody as commanded by the outstanding arrest warrants. The trial court credited the officers' testimony in its findings of fact and concluded that the officers did not use the arrest warrants as a pretext to conduct a search of the motel room.

Substantial evidence supports the trial court's finding. The officers' uncontroverted testimony indicated that the officers' purpose in arresting Hall and

Snook was to take them into custody, not to search the motel room for contraband. Pursuant to this finding, the trial court properly concluded that the officers did not use the outstanding warrants as a pretext to search Hall's motel room for criminal activity. Accordingly, the trial court did not err by denying Hall's motion to suppress.

B

Hall next contends that the trial court erred by issuing the State's proposed accomplice liability instruction to the jury. This was error, Hall contends, because the accomplice liability instruction relieved the State of its burden to prove that Hall had committed the charged crimes.

The State has the burden to prove each element of a charged crime beyond a reasonable doubt. In re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). "[A] conviction cannot stand if the jury was instructed in a manner that would relieve the State of this burden." State v. Cronin, 142 Wn.2d 568, 580, 14 P.3d 752 (2000) (citing State v. Jackson, 137 Wn.2d 712, 727, 976 P.2d 1229 (1999)).

Accomplice liability must be "proved by the State beyond a reasonable doubt in order for a jury to convict." State v. Teal, 117 Wn. App. 831, 839, 73 P.3d 402 (2003) (citing Cronin, 142 Wn.2d at 579-80), aff'd, 152 Wn.2d 333, 96 P.3d 974 (2004). In instructing the jury as to the State's burden of proof regarding accomplice liability, the jury must be clearly made aware of the State's burden of proof. Teal, 117 Wn. App. at 839. In so doing, the State may include a to-convict instruction directing the jury to convict if it is convinced beyond a

reasonable doubt that "the defendant or an accomplice" committed certain acts that establish elements of the charged crime. Teal, 117 Wn. App. at 838 (citing State v. Haack, 88 Wn. App. 423, 426-31, 958 P.2d 1001 (1997)).

The jury herein was clearly informed of the State's burden of proof regarding Hall's accomplice liability. The to-convict instructions directed the jury to convict if the State proved beyond a reasonable doubt that "the defendant or an accomplice" committed the act of possession of a controlled substance with the intent to deliver that substance. These to-convict instructions apprised the jury of the State's burden of proof regarding Hall's accomplice liability for the charged crimes. Teal, 117 Wn. App. at 838 (citing Haack, 88 Wn. App. at 426-31).[3] Thus, the jury instructions did not relieve the State of its burden of proof. Accordingly, the trial court did not err.

## IV

Hall requests that no costs associated with his appeal be assessed against him because he was found indigent by the trial court and because no order indicates that his financial situation has improved or is likely to improve. The State contests Hall's request, asserting that we should not foreclose the State's option to seek appellate costs.

Unless good cause shows otherwise, the trial court is entrusted with the determination of indigency. State v. Sinclair, 192 Wn. App. 380, 393, 367 P.3d

---

[3] Hall asserts that Teal does not apply. Hall is wrong. Although Teal involved to-convict instructions for accomplice liability that did not include the phrase "or an accomplice," Teal recognized that "the accomplice language—'the defendant or an accomplice'—in the 'to convict' instruction is an approved practice." Teal, 117 Wn. App. at 838 (citing Haack, 88 Wn. App. at 426-31).

612, review denied, 185 Wn.2d 1034 (2016). When a trial court finds that a defendant is indigent, a presumption of continued indigency continues throughout appellate review. Sinclair, 192 Wn. App. at 393 (citing RAP 15.2(f)). When the State prevails on appeal, this court may exercise its discretion and not impose appellate costs against the defendant. Sinclair, 192 Wn. App. at 388-90.

The trial court herein found that Hall was indigent. No trial court order has been entered indicating that Hall's financial condition has improved or is likely to improve. Accordingly, we exercise our discretion and do not assess appellate costs against Hall.

Affirmed.

We concur: